*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 7, 2016                    521849
_____

In the Matter of CHRISTOPHER
    ROCKHILL,
                        Appellant-
                        Respondent,

        v
                                        MEMORANDUM AND ORDER
CHRISTINA KUNZMAN,
                        Respondent-
                        Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  May 31, 2016

Before:  Lahtinen, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

        Lauren S. Cohen, Johnson City, for appellant-respondent.

        Levene Gouldin & Thompson, LLP, Binghamton (Bruno
Colapietro of counsel), for respondent-appellant.

        Christine A. McCue, Central Bridge, attorney for the child.

_____

Devine, J.

        Cross appeal from an order of the Family Court of Broome
County (Connerton, J.), entered January 29, 2015, which, among
other things, dismissed petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, to modify a prior order of
custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the divorced parents of a daughter

(born in 2012).  Pursuant to their 2013 judgment of divorce, the parties were granted joint legal custody of the child and the mother was granted primary physical placement.  The father, in turn, was entitled to parenting time on Wednesday evenings, alternate weekends and holidays, as well as any agreed-to additional time.

The parties filed petitions seeking modification of the custodial arrangement in 2014 and, following a hearing, Family Court issued an order granting the mother sole legal custody and continuing primary physical placement.  Family Court also modified the visitation provisions of the custodial arrangement in various respects, by allowing the parties to select two weeks of uninterrupted parenting time for vacations every year and granting the father two months of parenting time in July and August, with the mother entitled to parenting time on alternate weekends during that period.  The father appeals and the mother cross-appeals from the order.

Family Court determined that "a change in circumstances ha[d] occurred that warrants an inquiry into the child[]'s best interests" (Matter of Schmitz v Schmitz, 139 AD3d 1123, 1123 [2016]; see Matter of Tara AA. v Matthew BB., 139 AD3d 1136, 1137 [2016]), and the parties do not dispute that their relationship deteriorated after the entry of the 2013 divorce judgment and that their "inability to engage in cooperative decision-making demonstrated that joint legal custody was no longer workable" (Matter of Knox v Romano, 137 AD3d 1530, 1531 [2016]; see Nolan v Nolan, 104 AD3d 1102, 1104 [2013]).  An inquiry into the best interests of the child was accordingly triggered, which "involves the examination of several factors, including 'the relative fitness, stability, past performance, and home environment of the parents, as well as their ability to guide and nurture the child[] and foster a relationship with the other parent'" (Matter of Blagg v Downey, 132 AD3d 1078, 1079 [2015], quoting Matter of Parchinsky v Parchinsky, 114 AD3d 1040, 1041 [2014]; accord Matter of Barrows v Sherwood, 138 AD3d 1195, 1196 [2016]).

The parties have a contentious relationship with each other, but also enjoy a loving relationship with the child.  The child has primarily lived with the mother since birth, however,

and Family Court declined to credit the father's testimony that the mother has improperly cared for the child or that the child would benefit if she were primarily in the father's care (see Friederwitzer v Friederwitzer, 55 NY2d 89, 94 [1982]; Matter of Roefs v Roefs, 101 AD3d 1185, 1186 [2012]).  Indeed, the father has acted in a manner harmful to the child's interests, fueling the distrust and conflict between the parties by, among other things, documenting all of his interactions with the mother in a frighteningly detailed manner and needling the mother by having the child examined at walk-in clinics for minor issues that could be addressed by the child's pediatrician.  Therefore, according deference to the credibility determinations of Family Court, we find that a sound and substantial basis in the record supports its award of sole legal custody and primary physical placement to the mother (see Matter of Poremba v Poremba, 93 AD3d 1115, 1116-1117 [2012]; Matter of Burola v Meek, 64 AD3d 962, 964-965 [2009]).

We are persuaded by the argument of the mother, as well as the attorney for the child, that the mother should be awarded additional parenting time during the summer months.  As it stands, the mother will be deprived of access to the child over the summer for more than a week at a time and, as the attorney for the child notes, the best interests of this very young child are not furthered by such a long gap.  The father, who sees the child every Wednesday evening for the rest of the year except for the two weeks of uninterrupted vacation with the mother, does not routinely face that gap.  The father, in fact, testified that he wanted the child to spend "half the summer" with her mother and that she was entitled to "as much exposure to both parents" as possible.  Inasmuch as an award of additional parenting time to the mother is warranted under these circumstances, and "our authority in custody [and visitation] matters is as broad as that of Family Court," we modify the order to afford the mother parenting time from 4:00 p.m. to 7:00 p.m. every Wednesday during the period that the child is in the father's care in July and August (Matter of Valentine v Valentine, 3 AD3d 646, 647 [2004]; see Bowman v Engelhart, 112 AD3d 1187, 1189 [2013]).

We have considered the remaining contentions of the parties and found them to be lacking in merit.

Lahtinen, J.P., Egan Jr., Lynch and Mulvey, JJ., concur.


ORDERED that the order is modified, on the facts, without costs, by awarding respondent additional parenting time as set forth in this Court's decision, and, as so modified, affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court