*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 20, 2016                    520570
_____

In the Matter of RICHARD P.
    RUTLAND JR.,
                    Respondent,

        v

ERICA A. O'BRIEN,                        MEMORANDUM AND ORDER
                    Respondent.

ATTORNEY FOR THE CHILD,
                    Appellant.

(And Two Other Related Proceedings.)
_____

Calendar Date:   September 8, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Rose and Aarons, JJ.

_____

    Rachel Rappazzo, Schenectady, attorney for the child,
appellant.

    Karen L. Kimball, Wynantskill, for Richard P. Rutland Jr.,
respondent.

    John Clo, Gloversville, for Erica A. O'Brien, respondent.

_____

Lynch, J.

    Appeal from an order of the Family Court of Schenectady
County (Potter, J.H.O.), entered August 28, 2014, which, among
other things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, to modify a prior order of
custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of a daughter (born in 1998) and a son (born in 2002). An order of custody on stipulation was issued in May 2011, granting the parties joint legal and physical custody of the children. That order continued a parenting schedule where the children were with the father on Mondays and Tuesdays, the mother on Wednesdays and Thursdays, and with each parent on alternate weekends. On June 5, 2013, Family Court (Kupferman, J.) signed an order to show cause brought on by the attorney for the children, which immediately suspended the mother's parenting time with the children based on allegations of psychological abuse, as well as an asserted violation of the court's directive not to question the children about an in camera hearing held on May 28, 2013. Following a hearing on June 26, 2013, the court adjusted the temporary order by granting the mother parenting time on Tuesdays and Thursdays from 5:00 p.m. to 8:00 p.m. at a public venue. At the next appearance on September 3, 2013, Family Court (Jensen, J.) granted the attorney for the children's request to rescind the temporary suspension order and return to the stipulated schedule.

In the meantime, in August 2013, the father petitioned to modify the stipulated order of custody. A 10-day trial began on December 17, 2013 before Family Court (Potter, J.H.O.) and continued on intermittent days through July 9, 2014, which included the extensive testimony of the parents and both children.[1] Following a Lincoln hearing at the conclusion of the

_____

[1] During the trial testimony of the children, who were called as witnesses by the father, the parents remained outside the courtroom, but the record was not sealed. Regrettably, the children were required to testify at length, subject to extensive cross-examination by counsel, as well as extensive questioning by Family Court. We must emphatically reemphasize that "calling a child to testify in a Family Ct Act article 6 proceeding is generally neither necessary nor appropriate" (Matter of Battin v Battin, 130 AD3d 1265, 1266 n 2 [2015]; see Matter of Gonzalez v Hunter, 137 AD3d 1339, 1342-1343 [2016], lv dismissed and denied 27 NY3d 1061 [2016]; Matter of Casarotti v

trial, Family Court determined that joint custody was unworkable due to the conflicts between the parents, and granted the father sole legal custody of the children. The court further adjusted the parenting schedule, providing alternate weekly placement, with Wednesday parenting time from 3:00 p.m. to 8:00 p.m., and a detailed recitation of holiday/vacation parenting time designed to avoid future conflict between the parents. Only the attorney for the child has appealed.[2]

Casarotti, 107 AD3d 1336, 1338-1339 [2013], lv denied 22 NY3d 852 [2013]). In view of the testimony of the middle school teacher, and two police officers concerning a sequence of events in September 2013 when the son opted to take the bus home to his mother's house during the father's parenting time, it is perplexing that the father called the son as a trial witness to go over these events. To the extent that the children were questioned as to their preferences, by all counsel and the court, such questioning should have been confined to the Lincoln hearing.

[2] Family Court no longer has custody jurisdiction over the daughter who turned 18 during the pendency of this appeal (see Matter of Roth v Messina, 116 AD3d 1257, 1258 n 2 [2014]; Matter of Knight v Knight, 92 AD3d 1090, 1092 n 1 [2012]). As such, this appeal is limited to challenging only that part of the order relating to custody and visitation of the son (see Matter of Roth v Messina, 116 AD3d at 1258 n 2).

Since the mother did not appeal, we are unable to accord her affirmative relief or to address issues that she has raised that are not necessary "to accord full relief to a party who has appealed" (Hecht v City of New York, 60 NY2d 57, 60 [1983]; see Kay v Kay, 302 AD2d 711, 714 [2003]). The same limitation applies to the father. As such, we further decline to review either party's challenges to the temporary custody orders issued in 2013, which are, in any event, moot (see Matter of Dench-Layton v Dench-Layton, 123 AD3d 1350, 1351 [2014]; Matter of Troy SS. v Judy UU., 69 AD3d 1128, 1134 [2010], lv dismissed and

We affirm.  A parent seeking to modify an existing custody order must "demonstrate[] a change in circumstances that warrants an inquiry into the best interests of the child" (Matter of Schlegel v Kropf, 132 AD3d 1181, 1182 [2015]).  Where, as here, the prior order was based on a stipulation, Family Court was authorized to consider evidence dating back to the stipulation, which carries less weight than a court order based on a full hearing (see Heather B. v Daniel B., 125 AD3d 1157, 1159 [2015]; Matter of Rosi v Moon, 84 AD3d 1445, 1445-1446 [2011]).  Citing to parental failings attributable to both parties, the attorney for the child argues that the father failed to show either a change in circumstances or that an award of sole legal custody to the father was in the son's best interests.[3]  This argument misses the point that the constant, ongoing conflict between the parents and their inability to communicate provided a sound and substantial basis for Family Court's determination that joint custody was unworkable (see Matter of Knox v Romano, 137 AD3d 1530, 1531 [2016]; Matter of Greene v Robarge, 104 AD3d 1073, 1075 [2013]; Matter of Mahoney v Regan, 100 AD3d 1237, 1238-1239 [2012], lv denied 20 NY3d 859 [2013]).  Having so determined, "Family Court was then required to determine what custodial arrangement would promote the best interests of the child[ ]" (Matter of Greene v Robarge, 104 AD3d at 1075).  Particularly relevant here is each parent's past performance and willingness to foster a healthy relationship between the child and the other parent (see Matter of Joshua UU. v Martha VV., 118 AD3d 1051, 1052 [2014]).  Given the son's age at the time of trial, his preference warrants thoughtful consideration, but is not

_____

denied 14 NY2d 912 [2010]).

[3]  We note that during her closing statement, the attorney for the children acknowledged that there had been a change in circumstances and "that there needs to be a change," but otherwise declined "to advocate for what that change should be." Since the son is represented by a different attorney on this appeal, and considering the equivocal nature of counsel's concluding statement, we will address the merits of the argument notwithstanding the inconsistency.

dispositive (see Matter of Rohde v Rohde, 135 AD3d 1011, 1012
[2016]; Matter of Rumpff v Schorpp, 133 AD3d 1109, 1113 [2015];
Matter of Rivera v LaSalle, 84 AD3d 1436, 1439 [2011]).

The record shows that the mother regularly denegrated the
father in Facebook communications with the daughter — which
Family Court relied upon in characterizing their relationship as
"more akin to a teenage friendship th[a]n a parental one."  We
are unpersuaded by the mother's contention that Family Court
erred in admitting the messages, included in the father's exhibit
No. 5 and obtained by him from the mother's Facebook account,
since the account was available on the son's iPod without
password protection (see generally CPLR 4506).  The record
further demonstrates that the mother and daughter regularly
exchanged text messages during the father's parenting time, often
commenting on events at the father's household.  To avoid
upsetting the father, the mother conceded that she advised the
daughter to erase the messages from her phone.  This
surreptitious behavior was of no benefit to the children and
calls into question the mother's judgment.  On the other hand,
the father unduly restricted the ability of the mother and the
children to speak with each other by telephone (see Matter of
Chris X. v Jeanette Y., 124 AD3d 1013, 1016 [2015]; Matter of
Brown v Erbstoesser, 85 AD3d 1497, 1500 [2011]).  While, as
Family Court pointed out, both parents are capable and love their
children, their poor behavior towards each other has placed the
children in the middle, to their detriment.

Giving due deference to Family Court's assessment of
witness credibility, the record amply supports the court's
conclusion that the mother's conduct and inability to foster a
positive relationship between the children and their father make
her less fit to serve as the sole custodial parent.  Taking into
account their respective day-to-day roles, the court nuanced this
decision by granting the mother final say as to the children's
extracurricular and sports activities.  We do agree with the
mother's assertion that Family Court erred in permitting the
father to call the daughter's counselor, a licensed clinical
social worker, to testify about confidential, privileged matters
in the absence of a knowing waiver from the daughter (see CPLR

4508 [a] [1]), notwithstanding the absence of any objection by the attorney for the children.  That said, given the abundant evidence of conflict between the parties, we find such error was harmless. The court having heard the children's trial testimony and held a <u>Lincoln</u> hearing, we find a sound and substantial basis in the record to support the court's award of sole legal custody to the father, as was maintaining equal parenting time for each parent.

   Garry, J.P., Egan Jr., Rose and Aarons, JJ., concur.

   ORDERED that the order is affirmed, without costs.

   ENTER:

   Robert D. Mayberger
   Clerk of the Court