Peters, P.J.
Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered May 26, 2015, which, among other things, granted petitioner’s application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody.
Paul LL. (hereinafter the father) and Tanya LL. (hereinafter the mother) are the parents of two sons (born in 1997 and 1999) and a daughter (born in 2004).* Pursuant to a July 2013 order, the mother and the father shared joint legal custody of the subject children with physical custody to the mother and liberal parenting time to the father. Between August 2013 and January 2015, the parties filed a series of petitions, all of which either alleged a violation of the existing custody order by the other parent and/or sought modification of such order. In October 2013, Family Court suspended all visitation between the father and the children based on the mother’s allegations that the father sexually abused the daughter. Subsequently, fact-finding and Lincoln hearings were held, and a psychological evaluation of, among others, the mother, the father and the children was conducted. Thereafter, based upon the psychological report, Family Court issued an interim order directing that the father and the children attend therapeutic visitation. Family Court ultimately dismissed all of the petitions except the mother’s October 2013 modification petition, awarded her sole custody of the children and continued therapeutic visitation between the father and the children with the goal that such visitation would eventually resume outside of the therapeutic setting. The father appeals.
The father contends that Family Court’s determination to award the mother sole custody of the children lacks a sound *1174 and substantial basis in the record. Preliminarily, we note that the father does not appear to challenge Family Court’s finding that a change in circumstances existed warranting an inquiry into the children’s best interests (see Matter of Angela N. v Guy O., 144 AD3d 1343, 1345 [2016]; Matter of Zakariah SS. v Tara TT., 143 AD3d 1103, 1104 n 1 [2016]). In any event, ample evidence presented by both parties establishing a breakdown in their communication and cooperation with respect to the children supports such determination (see Matter of Thomas FF. v Jennifer GG., 143 AD3d 1207, 1208 [2016]; Matter of Knox v Romano, 137 AD3d 1530, 1531 [2016]).
“With joint custody no longer feasible, Family Court was then required to determine what custodial arrangement would promote the best interests of the child [ren]” (Matter of Williams v Williams, 66 AD3d 1149, 1151 [2009] [citations omitted]; see Matter of Paul A. v Shaundell LL., 117 AD3d 1346, 1348 [2014], lv dismissed and denied 24 NY3d 937 [2014]). This inquiry “involves the examination of several factors, including the relative fitness, stability, past performance, and home environment of the parents, as well as their ability to guide and nurture the child [ren] and foster a relationship with the other parent” (Matter of Rockhill v Kunzman, 141 AD3d 783, 784 [2016] [internal quotation marks, brackets and citations omitted]; see Matter of Vanita UU. v Mahender VV., 130 AD3d 1161, 1163 [2015], lv dismissed and denied 26 NY3d 998 [2015]). “In considering such factors, Family Court’s factual findings and credibility determinations are entitled to deference, particularly where, as here, Family Court was well acquainted with the parties” (Matter of Bailey v Blair, 127 AD3d 1274, 1276 [2015] [citations omitted]).
Here, we find that Family Court’s determination to award sole custody to the mother and to continue therapeutic visitation between the father and the children is supported by a sound and substantial basis in the record. To this end, we reject the father’s contention that the mother parentally alienated the children in view of, among other things, the unrebutted testimony of the mother and the oldest child that the mother strongly encouraged the children to visit with the father (see Finn v Finn, 277 AD2d 834, 835 [2000]). Furthermore, there is no evidence that the mother pursued allegations of sexual abuse against the father with respect to the daughter once such allegations were determined to be unfounded (compare Matter of Chase v Chase, 34 AD3d 1077, 1080 [2006]). Moreover, unlike the father, who reportedly had little or no income and was financially dependent on his domestic partner, the *1175 mother has been regularly employed and is able to provide a stable, structured and supportive environment for the children. In addition, the parties’ homes are approximately 100 miles apart, and the children have no ties to the father’s place of residence. In view of the foregoing proof, the Lincoln hearing testimony and the recommendation of the psychological report calling for therapy and repair of the children’s relationship with the father, we find the requisite sound and substantial basis in the record for the conclusion that the best interests of the children warrant an award of sole custody to the mother and therapeutic visitation to the father (see Matter of Mikell v Bermejo, 139 AD3d 954, 955 [2016]; Matter of Knox v Romano, 137 AD3d at 1531; Matter of Cid v DiSanto, 122 AD3d 1094, 1096 [2014]; Nolan v Nolan, 104 AD3d 1102, 1105 [2013]).
Lynch, Rose, Devine and Mulvey, JJ., concur.
Ordered that the order is affirmed, without costs.

 The oldest son became emancipated during the pendency of the underlying proceedings and, therefore, any issue of custody or visitation with respect to. him has been rendered moot (see Matter of Tina X. v John X., 138 AD3d 1258, 1259 n 2 [2016]).