■ In the Matter of EMMANUEL SS., Respondent, v THERA SS., Appellant. (And Another Related Proceeding.) [58 NYS3d 725]—

Peters, P.J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered May 10, 2016, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son (born in 2014). Pursuant to a stipulated order entered in January 2016, the parties shared joint legal custody of the child, with the mother having primary physical custody and the father receiving parenting time on alternating weekends. Less than two months after the entry of the order, the father moved by order to show cause for sole custody of the child, alleging, among other things, the

mother's repeated noncompliance with the visitation schedule. Family Court temporarily awarded custody to the father and reasonable visitation to the mother as agreed to by the parties. Soon thereafter, the mother petitioned for an order reinstating the original custody arrangement. Following a fact-finding hearing, Family Court granted the father sole custody of the child and provided the mother with parenting time on three weekends each month and during one half of all major holidays. The mother appeals.

"A parent seeking to modify an existing custody order first must demonstrate that a change in circumstances has occurred since the entry thereof that is sufficient to warrant the court undertaking a best interests analysis" (*Matter of Knox v Romano*, 137 AD3d 1530, 1531 [2016] [internal quotation marks and citations omitted]; *accord Matter of Crystal F. v Ian G.*, 145 AD3d 1379, 1380 [2016]; *see Matter of Hamilton v Anderson*, 143 AD3d 1086, 1088 [2016]). Here, during the relatively short period of time that passed between the entry of the prior custody order and the commencement of the instant proceedings, the parties were incapable of communicating or cooperating with one another in adjusting parenting time or rescheduling times for dropping off and picking up the child. The parties' demonstrated inability to communicate and cooperate effectively or amicably for the sake of their child renders joint custody unworkable and constitutes a change in circumstances (*see Matter of Rutland v O'Brien*, 143 AD3d 1060, 1062 [2016]; *Matter of Kylene FF. v Thomas EE.*, 137 AD3d 1488, 1489-1490 [2016]; *Matter of Colleen GG. v Richard HH.*, 135 AD3d 1005, 1007 [2016]). So too does the mother's noncompliance with certain provisions of the prior order, including her disregard of the stipulated custody arrangement (*see Matter of Chris X. v Jeanette Y.*, 124 AD3d 1013, 1014 [2015]; *Matter of Arieda v Arieda-Walek*, 74 AD3d 1432, 1433 [2010]).

"With joint custody no longer feasible, Family Court was then required to determine what custodial arrangement would promote the best interests of the child[ ]" (*Matter of Paul LL. v Tanya LL.*, 149 AD3d 1173, 1174 [2017] [internal quotation marks and citations omitted]; *see Matter of Mahoney v Regan*, 100 AD3d 1237, 1237-1238 [2012], *lv denied* 20 NY3d 859 [2013]). Such inquiry requires an examination of several factors, including "the relative fitness, stability, past performance, and home environment of the parents, as well as their ability to guide and nurture the child and foster a relationship with the other parent" (*Matter of Rockhill v Kunzman*, 141 AD3d 783, 784 [2016] [internal quotation marks, brackets and cita-

tions omitted]; *see Matter of Andrea C. v David B.*, 146 AD3d 1104, 1106 [2017]). We accord great deference to Family Court's factual findings and credibility determinations and will not disturb its custodial determination where it is supported by a sound and substantial basis in the record (*see Matter of Snow v Dunbar*, 147 AD3d 1242, 1243 [2017]; *Matter of Hrostowski v Micha*, 132 AD3d 1103, 1105 [2015]).

We find Family Court's decision to award the father sole legal and physical custody to be sufficiently supported by the record. Although both parties are loving parents, and each possesses various strengths and shortcomings, the father is more capable of providing the child with greater stability. The father maintains steady employment, provides a stable living environment for the child and has taken affirmative steps to comply with the prior custody order. By contrast, the mother's employment and living arrangements were unstable and, during the brief period between the issuance of the prior order and the commencement of these proceedings, the mother denied the father visitation on one occasion and twice failed to pick up the child from the father, causing the child to travel additional distances and stay in emergency day care for extended periods of time. While the mother provided excuses for her failure to pick up and drop off the child, Family Court found her explanations to be incredible. Moreover, the father's testimony, as credited by Family Court, established that the communication problems between the parties were primarily the fault of the mother, who would refuse to answer phone calls from the father and display aggressive behavior toward him. Indeed, the mother openly acknowledged withholding information from the father, further demonstrating her willingness to place her disdain for the father over the interests of the child.

While a transfer of physical custody to the father will result in the separation of the child from his half sister, who lives with the mother, "application of the traditional preference for keeping siblings together has become more complicated as a result of changes in family dynamics" (*Matter of Brown v Akatsu*, 125 AD3d 1163, 1166 [2015]; *see Matter of Hill v Dean*, 135 AD3d 990, 994 [2016]; *Matter of Bush v Bush*, 104 AD3d 1069, 1073 [2013]). Family Court considered the impact of the separation of the child from his half sister and determined that their separation was outweighed by other factors, including the need to provide stability for the child (*see Robert B. v Linda B.*, 119 AD3d 1006, 1009 [2014], *lv denied* 24 NY3d 906 [2014]; *Matter of Joseph WW. v Michelle WW.*, 118 AD3d 1054, 1057 [2014]; *Matter of Bush v Stout*, 59 AD3d 871, 873 [2009]).

Furthermore, the parenting time awarded to the mother provides the half siblings with ample opportunity to spend time together (*see Matter of Hill v Dean*, 135 AD3d at 994; *Matter of Brown v Akatsu*, 125 AD3d at 1166; *Matter of Luke v Luke*, 90 AD3d 1179, 1182 [2011]). Considering the totality of the circumstances and according deference to the court's credibility determinations, we find that the award of sole custody to the father has a sound and substantial basis in the record (*see Matter of Berezny v Raby*, 145 AD3d 1356, 1357 [2016]; *Matter of Smithey v McAbier*, 144 AD3d 1425, 1426 [2016]; *Matter of Mahoney v Regan*, 100 AD3d at 1238).

Garry, Egan Jr., Rose and Mulvey, JJ., concur. Ordered that the order is affirmed, without costs.