Matter of Damiano v Guzzi (2018 NY Slip Op 00048)





Matter of Damiano v Guzzi


2018 NY Slip Op 00048


Decided on January 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 4, 2018

523943

[*1]In the Matter of FREDERICK M. DAMIANO, Respondent,
v
ANN MARIE GUZZI, Appellant. (And Two Other Related Proceedings.)

Calendar Date: November 13, 2017

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and

 Pritzker, JJ.

Susan Patnode, Rural Law Center of New York, Castleton (Kristin Bluvas of counsel), for appellant.
Alexandra G. Verrigni, Rexford, for respondent.
Rachel A. Rappazzo, Schenectady, attorney for the child.




MEMORANDUM AND ORDER
Devine
, J.
Appeal from an order of the Family Court of Fulton County (Skoda, J.), entered October 11, 2016, which, among other things, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a daughter (born in 2013). Upon the parties' consent, Family Court issued an order in 2014 that awarded the mother sole legal and physical
custody of the child and afforded the father visitation. The father filed the first of the present modification petitions in April 2016 and alleged, among other things, that his visitation was impaired due to difficulties in communication created by the mother and her boyfriend. The father filed a second modification petition — and obtained temporary custody of the child — after he learned that the mother had been arrested and charged with a drug offense when crack cocaine was found in her vehicle during a traffic stop. The mother then filed her own modification petition, alleging unsavory conduct by the father that warranted a return of custody to her. Following a hearing on the petitions, Family Court granted the father's petitions and awarded the parties joint legal custody of the child, with primary physical placement to the father, and set [*2]parenting time to the mother, the type and degree of which was contingent upon the results of a drug test that she was directed to undergo. The mother now appeals.[FN1]
We affirm. A parent seeking to modify an existing custody order must first show that a change in circumstances has occurred since the entry of that order that would then warrant an inquiry into the best interests of the child (see Matter of Madelyn Z. v Daniel AA., 154 AD3d 1092, 1093 [2017]; Matter of Emmanuel SS. v Thera SS., 152 AD3d 900, 901 [2017], lv denied 30 NY3d 905 [2017]). Circumstances here have changed, with communication difficulties that the father asserted were impairing his visitation and the mother's arrest and ongoing interactions with the criminal justice system. Contrary to the mother's contention, the foregoing developments warranted a best interests analysis (see Matter of Gallo v Gallo, 138 AD3d 1189, 1190 [2016]; Matter of Belinda YY. v Lee ZZ., 74 AD3d 1394, 1395-1396 [2010]).
What custodial arrangement furthers the child's best interests involves the examination of factors such as the fitness, stability, past performance and home environment of each parent, as well as which parent is more capable of nurturing the child and fostering her relationship with the other parent (see Matter of Emmanuel SS. v Thera SS., 152 AD3d at 901; Matter of Paul LL. v Tanya LL., 149 AD3d 1173, 1174 [2017]). The record reveals solid reasons for concern about placing the child in the care of either parent. That said, the father was living in a studio apartment attached to the residence of the paternal grandmother and step-grandfather who, despite a recent argument that resulted in the police being summoned, he generally had a good relationship with. The father maintained the house and grounds while he searched for stable employment, and enjoyed the assistance of the paternal grandmother in caring for the child. The mother, in contrast, was unemployed, dependent upon distant relatives for financial support and facing an uncertain legal future with the potential to impact any child in her care. Family Court further viewed her testimony with extreme skepticism, finding her to be "entirely incredible" when she feigned a lack of recall as to basic details surrounding her legal difficulties. Thus, according great deference to the factual findings and credibility assessments of Family Court, we find that its custody determination is supported by a sound and substantial basis in the record (see Matter of Richard Y. v Vanessa Z., 146 AD3d 1050, 1051-1052 [2017]; Matter of Greenough v Imrie, 140 AD3d 1365, 1366 [2016]).
McCarthy, J.P., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The mother raises no issue regarding the issuance of the temporary custody order. The attorney for the child does attack it but, having failed to take an appeal, her efforts are not properly before us (see Hecht v City of New York, 60 NY2d 57, 60 [1983]; Matter of Rutland v O'Brien, 143 AD3d 1060, 1061 n 2 [2016]). In any event, the issuance of the permanent custody order rendered any challenge to the temporary order moot (see Matter of Rutland v O'Brien, 143 AD3d at 1061 n 2; Matter of Dench-Layton v Dench-Layton, 123 AD3d 1350, 1351 [2014]).