Matter of Charles AA. v Annie BB. (2018 NY Slip Op 00058)





Matter of Charles AA. v Annie BB.


2018 NY Slip Op 00058


Decided on January 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 4, 2018

524891

[*1]In the Matter of CHARLES AA., Appellant,
v
ANNIE BB., Respondent. (And Another Related Proceeding.)

Calendar Date: November 16, 2017

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.


Betty J. Potenza, Highland, for appellant.
Samantha E. Koolen, Albany, for respondent.
Christopher A. Pogson, Binghamton, attorney for the children.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Broome County (Pines, J.), entered April 14, 2017, which, among other things, dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of two children (born
in 2007 and 2011). In February 2016, an order was entered granting the parties joint legal custody of the children, with the children alternating weekly between the parties' homes and
the exchange of the children taking place at the police station. In October 2016 and December 2016, the father filed two petitions seeking primary custody of the children pointing to, among other things, the mother's recent arrest. In December 2016, the mother filed a family offense petition. Prior to the hearing on the father's custody petitions, he consented to a no contact order of protection without admission in favor of the mother, resolving the family offense petition [FN1]. At the close of the hearing, the mother requested sole custody of the children. Family Court determined, among other things, that modification of the prior custody order was appropriate and [*2]granted the mother sole custody of the children, with parenting time for the father on alternate weekends and as the parties agree. The father now appeals.
We affirm. The party seeking to modify an existing custody order is required to "demonstrate that a change in circumstances has occurred since the entry thereof . . . to warrant the court undertaking a best interests analysis" (Matter of Emmanuel SS. v Thera SS., 152 AD3d 900, 901 [2017] [internal quotation marks and citation omitted], lv denied 30 NY3d 905 [2017]; see Matter of Gerber v Gerber, 141 AD3d 901, 902 [2016]). To that end, "[t]he requisite change in circumstances may be established where the record reflects that the relationship between the parents has deteriorated to the point where they simply cannot work together in a cooperative fashion for the good of their children" (Matter of Gerber v Gerber, 133 AD3d 1133, 1136 [2015] [internal quotation marks and citations omitted], lv denied 27 NY3d 902 [2016]; see Matter of David ZZ. v Suzane A., 152 AD3d 880, 881 [2017]). Although Family Court failed to make an express finding that there has been a change in circumstances, its decision is replete with findings that are supported by the record and constitute a change in circumstances and, in any event, we have the independent authority to review the record and make such findings (see Matter of Joshua C. v Yolanda C., 140 AD3d 1213, 1213-1214 [2016]; Matter of Kylene FF. v Thomas EE., 137 AD3d 1488, 1489 [2016]).
Further, and contrary to the father's argument on appeal, while the mother did not file a formal petition to modify custody, the father was clearly on notice that legal and physical custody of the children was in dispute given his petitions and the parties' hearing testimony (see Matter of Kowatch v Johnson, 68 AD3d 1493, 1495 [2009], lv denied 14 NY3d 704 [2010]; see also Matter of Mahoney v Regan, 100 AD3d 1237, 1237-1238 [2012], lv denied 20 NY3d 859 [2013]). While the mother testified to her willingness to attempt to continue the joint custodial arrangement, once Family Court made clear to the parties that this was not feasible under these volatile circumstances, the mother expressly requested sole custody, which the father had an opportunity to dispute and the court was free to grant (see Matter of Vincent X. v Christine Y., 151 AD3d 1229, 1230 [2017]; Matter of Mahoney v Regan, 100 AD3d at 1237-1238).
The record reflects ample evidence that there was a change in circumstances since the prior order, including the mother's December 2016 arrest and 18-day incarceration [FN2] during which the father removed the children from school, thereby depriving them of needed daily therapy and special educational services. Further, the relationship between the parents — who have a significant history of domestic violence with prior stay away orders of protection in place against the father — had deteriorated to the point that another stay away order of protection was issued. The father had not seen the children in two months and the paternal grandmother, who had facilitated communication between the parties and babysat the children when they were with the father, had moved away. Given the foregoing and the parties' inability to cooperatively coparent, we find that there was a change in circumstances warranting an inquiry into the best interests of the children (see Matter of David ZZ. v Suzane A., 152 AD3d at 881; Matter of Cameron ZZ. v Ashton B., 148 AD3d 1234, 1235 [2017]; Matter of Gerber v Gerber, 133 AD3d at 1136).
"With joint custody no longer feasible, Family Court was then required to determine what custodial arrangement would promote the best interests of the children" (Matter of Paul LL. v Tanya LL., 149 AD3d 1173, 1174 [2017] [internal quotation marks, brackets and citation [*3]omitted]; see Matter of Emmanuel SS. v Thera SS., 152 AD3d at 901). This determination requires consideration of several factors, including "the relative fitness, stability, past performance, and home environment of the parents, as well as their ability to guide and nurture the child[ren] and foster a relationship with the other parent" (Matter of Emmanuel SS. v Thera SS., 152 AD3d at 901 [internal quotation marks and citations omitted]). Inasmuch as Family Court is in a superior position to assess witness credibility, its factual findings are to be accorded great deference and its decision will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Southammavong v Sisen, 141 AD3d 905, 906 [2016]).
Family Court's decision to award the mother sole legal and physical custody is soundly supported by the record. Although both parents have significant shortcomings, the mother is more capable of providing stability for the children, who have special educational and medical needs for which she can better provide. She has been closely involved in addressing the children's needs in school and at home, ensures that they attend school where they receive daily therapy and services, routinely communicates with their special education teachers and attends education planning meetings. Despite the mother's arrest and substance abuse problems, the court found that she has been "fully cooperative with services to address her issues," including engaging in substance abuse treatment, and she has voluntarily participated in recommended family social services. The mother, who works full time, has had long-term day care providers who care for the children in her absence. Further, her testimony reflected her willingness to foster the children's relationship with the father.
In comparison, the record supports Family Court's finding that the father is "[w]holly uninvolved with the children" and "did not know what grades the children are in and lacked even the most basic knowledge about the[ir] medical and educational needs." The father's exercise of parenting time has been spotty and inconsistent, and his mother is no longer available to care for the children or transport them to school; he declined to disclose who would babysit the children when he is at work [FN3]. The court further concluded that the father had disregarded the children's needs and best interests when, following the mother's arrest, he abruptly removed them from their school and daily therapy and placed them in the school district where he lived. In addition, since the prior order was issued, the father continued to threaten the mother. Given the foregoing, we discern no basis upon which to disturb Family Court's determination that the best interests of the children are served by awarding the mother sole custody, with the father having parenting time on alternating weekends (see Matter of Emmanuel SS. v Thera SS., 152 AD3d at 901; Matter of Paul LL. v Tanya LL., 149 AD3d at 1174; Matter of Southammavong v Sisen, 141 AD3d at 906).
McCarthy, J.P., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The order of protection permitted contact during the exchange of the children.

Footnote 2: The mother testified that the criminal charges were being dropped in exchange for her cooperation.

Footnote 3: While the paternal grandmother moved away after the father's custody petitions were filed, it was within Family Court's prerogative to extend consideration of the proof to relevant matters occurring after the filing (see Matter of Gardner v Gardner, 69 AD3d 1243, 1244 [2010]). While there was no motion to conform the pleadings to the proof (see CPLR 3025 [c]), the father had ample opportunity to respond to these events and was not prejudiced thereby (see Matter of Burola v Meek, 64 AD3d 962, 963-964 [2009]; compare Matter of Aiden XX. [Jesse XX.], 104 AD3d 1094, 1096 [2013]).