Matter of John VV. v Hope WW. (2018 NY Slip Op 04991)





Matter of John VV. v Hope WW.


2018 NY Slip Op 04991


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

524524

[*1]In the Matter of JOHN VV., Respondent,
v
HOPE WW., Appellant. (And Three Other Related Proceedings.)

Calendar Date: June 7, 2018

Before: Garry, P.J., McCarthy, Lynch, Devine and Mulvey, JJ.


Alexandra G. Verrigni, Rexford, for appellant.
Lisa A. Burgess, Indian Lake, for respondent.
Michael S. Martin, Glens Falls, attorney for the children.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Family Court of Washington County (McKeighan, J.), entered December 14, 2016, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of three sons (born in 2003, 2005 and 2009). In March 2015, the parties consented to an order awarding them joint legal custody, with the mother having primary physical custody and the father receiving scheduled parenting time. That order also contained prohibitions against the use of corporal punishment, excessive alcohol and illegal drug use in the presence of the children, and further precluded any contact between the children and the mother's boyfriend. In August 2015, the father filed a modification petition seeking primary physical custody of the children. Thereafter, a series of temporary orders were issued and a flurry of additional petitions were filed. Following a fact-finding hearing on the pending petitions and a Lincoln hearing, Family Court granted the father sole legal and physical custody of the children. In a detailed schedule fashioned by the court, the mother was awarded parenting time on Wednesday evenings and alternating weekends, as well as on school breaks and certain holidays. The mother now appeals.
We affirm. Initially, inasmuch as a permanent order of custody has been entered [*2]following a fact-finding hearing on the underlying petitions, the mother's challenge to the temporary order is moot (see Matter of Rutland v O'Brien, 143 AD3d 1060, 1061 n 2 [2016]; Matter of Dench-Layton v Dench-Layton, 123 AD3d 1350, 1351 [2014]).
With regard to his petition to modify custody, the father must demonstrate that there has been a change in circumstances since the entry of the March 2015 order to warrant a review of the children's best interests (see Matter of Fiacco v Fiacco, 158 AD3d 1011, 1012 [2018]). If this threshold burden is met, he must then demonstrate that modification of the existing custody arrangement is necessary to ensure the children's continued best interests (see id.; Matter of Quick v Glass, 151 AD3d 1318, 1319 [2017]). Factors relevant to determining whether a modification will serve the children's best interests include "the home environment of each parent, the relative fitness of the parents, the parents' past performance and ability to provide for the children's overall well-being, how faithful each party has been to prior court orders, the children's wishes and the willingness of each parent to foster a positive relationship between the children and the other parent" (Matter of Nathanael G. v Cezniea I., 151 AD3d 1226, 1227 [2017]; see Matter of Quick v Glass, 151 AD3d at 1320). "Given the superior position of Family Court to observe and evaluate the testimony, great deference is accorded to its credibility assessments and factual findings, and we will not disturb its custody determination so long as it is supported by a sound and substantial basis in the record" (Matter of Cooper v Williams, 161 AD3d 1235, 1236 [2018] [internal quotation marks and citations omitted]; see Matter of Emmanuel SS. v Thera SS., 152 AD3d 900, 902 [2017], lv denied 30 NY3d 905 [2017]).
Here, the record amply supports Family Court's determination that a change in circumstances existed and that an award of sole legal and primary physical custody to the father was in the children's best interests. Testimony at the fact-finding hearing established that the mother had violated Family Court's orders, including the consent order, on more than one instance by allowing her boyfriend to have contact with the children. The mother conceded that the court's no-contact orders stemmed from incidents wherein the boyfriend committed acts of domestic violence against her and the children, which incidents had also led to a separate neglect petition being brought against both the mother and the boyfriend. While the mother claimed that the contact between the children and her boyfriend was incidental and unplanned, Family Court found that the mother's testimony was "not credible but rather a contrived version of alleged facts that [was] wholly unrealistic." In addition to the mother's violation of the no-contact orders, the mother also acknowledged that there were multiple indicated Child Protective Services reports against her and her boyfriend, including one for educational neglect regarding the eldest child.
The record further reflects that the mother used, and permitted others to use, corporal punishment on the children in contravention of the clear directives set forth in Family Court's prior orders. She admitted to spanking the children and had, in fact, filed a petition seeking to amend the prohibition on corporal punishment to a prohibition on excessive corporal punishment. She likewise admitted her awareness that her mother had inflicted corporal punishment on the children. There were also allegations, substantiated by credible evidence, that the children were exposed to corporal punishment by both the maternal grandmother's boyfriend and his son. Significant testimony was presented regarding an incident that occurred at the apartment of the boyfriend's mother, during which the boyfriend's mother was highly intoxicated and engaging in a verbal and physical altercation with her other son, the boyfriend's younger brother, in the presence of the children. A police officer who responded to the scene explained that the boyfriend's mother also physically attacked him and that she was ultimately taken into custody, and recounted that the children were shaken by the events. The mother acknowledged [*3]that she knew her boyfriend's mother was an alcoholic and that she had previously seen her highly intoxicated to the point of incoherence, and the police officer testified that the boyfriend's mother's apartment was known as a place requiring frequent police involvement.
Despite the boyfriend's history of violence, the mother confirmed at the hearing that she wishes to marry him and wants him to be involved in the children's lives. Family Court characterized the mother's "lifestyle" as one of "ongoing chaos" and noted her inability to cope with stress, including during the trial. By contrast, the father is able to provide a safe and stable household for the children with support from his mother and sister. The record further establishes that, since the commencement of these proceedings, the father has provided for the medical, educational and day-to-day needs of the children with virtually no involvement of the mother. Upon our independent review of the record, including the transcript of the Lincoln hearing,[FN1] and according appropriate deference to Family Court's credibility determinations, we find that the court's award of sole legal and primary physical custody of the children to the father is supported by a sound and substantial basis in the record (see Matter of William EE. v Christy FF., 151 AD3d 1196, 1198-1199 [2017]; Matter of Andrew S. v Robin T., 145 AD3d 1209, 1212 [2016]; Matter of Jarren S. v Shaming T., 117 AD3d 1109, 1111 [2014]).
Finally, we decline to disturb the parenting time schedule fashioned by Family Court. While the schedule reduces the parenting time afforded to the mother under the prior custody order, it continues to provide her with regular and meaningful access to the children (see Matter of LaBaff v Dennis, 160 AD3d 1096, 1097-1098 [2018]; Matter of William EE. v Christy FF., 151 AD3d at 1199; Matter of Coleman v Millington, 140 AD3d 1245, 1247 [2016]).
Garry, P.J., McCarthy, Lynch and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1:Regrettably, Family Court's decision references certain portions of the children's testimony during the Lincoln hearing. While such disclosures do not constitute an independent basis for disturbing the underlying custodial determination, we reiterate that "a child's right to confidentiality during a Lincoln hearing is of paramount concern and Family Court should, in the future, ensure that what transpires during the course thereof remains confidential" (Matter of O'Hara v DeMarsh, 161 AD3d 1271, 1273 [2018]; see Matter of Romero v Guzman, 158 AD3d 997, 1001 [2018], lv denied ___ NY3d ___ [June 7, 2018]).