Matter of Richard GG. v M. Carolyn GG. (2019 NY Slip Op 01268)





Matter of Richard GG. v M. Carolyn GG.


2019 NY Slip Op 01268


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

525870

[*1]In the Matter of RICHARD GG., Appellant,
v
M. CAROLYN GG., Respondent. (And Four Other Related Proceedings.)

Calendar Date: January 8, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Pritzker, JJ.


Lisa A. Natoli, Norwich, for appellant.
Allen E. Stone Jr., Vestal, attorney for the child.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered October 17, 2017, which, among other things, dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son (born in 2001) and daughter (born in 2005). After the parties divorced, they had joint custody of their children, the primary residence being with the father. The mother had visitation with the children every other week from Friday evening to Wednesday morning. This arrangement was continued pursuant to a 2013 order of Family Court (Charnetsky, J.). In March 2017, after the daughter stopped visiting the mother, the father filed two modification petitions seeking, in sum and substance, to have the daughter live full time with him and for her not to be "forced" to visit the mother. The mother filed two violation petitions alleging, among other things, that the father was denying her visitation with the daughter and a modification petition seeking primary physical custody. After a fact-finding hearing and a Lincoln hearing, Family Court (Connerton, J.) dismissed the father's modification petitions, although it provided dinner visits with the mother, outside of the mother's home and away from third parties, for a four-week period, following which the previously ordered visitation schedule was to resume. Family Court [*2]also found that the father willfully violated the existing custody and visitation order; however, it declined to impose a punishment. The father now appeals. We affirm.
The father contends that Family Court abused its discretion in dismissing his modification petitions. We disagree. A party seeking modification of a prior order of custody must demonstrate "first, that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of Simmes v Hotaling, 166 AD3d 1329, 1330 [2018] [internal quotation marks and citation omitted]; accord Matter of Beers v Beers, 163 AD3d 1197, 1198 [2018]). Where, as here, Family Court fails to make the requisite threshold analysis, this Court "may review the record and render an independent determination as to whether the parent seeking modification established a change in circumstances" (Matter of Porter-Spaulding v Spaulding, 164 AD3d 974, 975-976 [2018]; see Matter of Woodrow v Arnold, 149 AD3d 1354, 1356 [2017]).
The record reveals that, since the prior order of custody and visitation, there has been a breakdown in the relationship between the mother and the daughter, which resulted in the daughter not wanting to return to the mother's home. At the fact-finding hearing, the father testified that the daughter was upset about things that were happening in the mother's home. Specifically, the mother resides with her partner, whose niece also lives in the home and shares a room with the daughter when she is visiting. Most of the issues occurring during visitation involved a strained relationship that the daughter had with the niece. The father testified that, in February 2017, the daughter refused to visit with the mother and that, prior to that time when the daughter was attending the visits, she would return to the father's home appearing unhappy, unusually quiet and tired. The testimony of the father and the mother revealed that, since the daughter's last visit, the mother called the daughter more than 20 times, but the daughter either was not home or refused to speak with the mother. The testimony established that the father gave the daughter permission to make up her own mind about whether to visit the mother and whether to accept her telephone calls. We find that the breakdown in the relationship between the mother and the daughter, which resulted in the daughter not wanting to return to the mother's home, constitutes a change in circumstance warranting an inquiry into whether a modification of the existing order is necessary to ensure the daughter's best interests (see Matter of Payne v Montano, 166 AD3d 1342, 1344 [2018]; Matter of Gonzalez v Hunter, 137 AD3d 1339, 1341 [2016], lv dismissed and denied 27 NY3d 1061 [2016]).
As to the best interests analysis, "the pertinent factors to be considered are maintaining stability in the child's life, the quality of the respective home environments, the length of time the present custody arrangement has been in place and each party's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (Matter of Maerz v Maerz, 165 AD3d 1404, 1405 [2018] [internal quotation marks and citations omitted]; see Matter of Audreanna VV. v Nancy WW., 158 AD3d 1007, 1009-1010 [2018]). "Visitation with a noncustodial parent is presumed to be in a child's best interests and, because the denial of visitation is a drastic remedy, it may be ordered only in the presence of compelling reasons and substantial evidence that such visitations are detrimental to the child's welfare" (Matter of Boisvenue v Gamboa, 166 AD3d 1411, 1412 [2018] [internal quotation marks and citations omitted]; see Matter of Alan U. v Mandy V., 146 AD3d 1186, 1188 [2017]). "The child's wishes, though entitled to great weight[,] should not dictate the result of a custodial determination" (Matter of Payne v Montano, 166 AD3d at 1345 [internal quotation marks and citations omitted]; see Matter of Imrie v Lyon, 158 AD3d 1018, 1022 [2018]). Moreover, this [*3]Court accords great deference to Family Court's factual findings and credibility determinations, which will not be disturbed if they have a sound and substantial basis in the record (see Matter of Payne v Montano, 166 AD3d at 1343; Matter of Romero v Guzman, 158 AD3d 997, 998 [2018], lv denied 31 NY3d 908 [2018]; Matter of Daniel TT. v Diana TT., 127 AD3d 1514, 1515 [2015]).[FN1]
The father contends that the evidence presented at the fact-finding hearing established that visitation with the mother was detrimental to the child and, therefore, was not in her best interests. We disagree. Although the record reveals that the daughter and the niece had a strained relationship, it also revealed that the mother and the daughter, prior to the daughter discontinuing visitation, shared a positive relationship. The mother testified that the alleged conflict between the daughter and the niece was not serious and denied that the daughter communicated this to her or ever manifested discomfort with the situation such that the mother should have been concerned. Although some of the daughter's concerns stemmed from incidents wherein she claimed that she was physically harmed by the niece, it is clear from the record that Family Court considered this. Specifically, the court acknowledged these concerns and found that there was no reason why the mother could not enjoy parenting time with the daughter when the niece was not present in the home or, if the niece was present, to supervise the daughter and the niece if they were together. To this end, the court ordered that, when the mother's visitation was to resume, if she could not provide the daughter with her own bedroom space, the mother was to contact the father to cancel her visits or to otherwise rearrange them. Although we do note that there were some inconsistencies between the parties' accounts of the incidents that occurred between the daughter and the niece, the record suggests that Family Court engaged, although not explicitly, in credibility determinations because it stated that it considered "the demeanor of the parents and [its] impressions of [the daughter]" (see Matter of Tina RR. V Dennis RR., 143 AD3d 1195, 1199 [2016]; Matter of Hayward v Campbell, 104 AD3d 1000, 1001 [2013]). Therefore, according due deference to Family Court's assessment of the evidence presented at the fact-finding hearing, as well as the credibility of witnesses, we find that it was in the daughter's best interests to continue visitation with the mother in accordance with the prior order (see Matter of Imrie v Lyon, 158 AD3d at 1021; Matter of Romero v Guzman, 158 AD3d at 1000).
We are unpersuaded by the father's contention that Family Court erred in finding that he was in willful violation of the order of custody and visitation. "To sustain a finding of civil contempt for a violation of a court order, a petitioner must show by clear and convincing evidence that there was a lawful court order in effect that clearly expressed an unequivocal mandate, that the person who allegedly violated the order had actual knowledge of its terms, and that his or her actions or failure to act defeated, impaired, impeded or prejudiced a right of the moving party" (Matter of Beesmer v Amato, 162 AD3d 1260, 1261 [2018] [internal quotation marks and citations omitted]; see Matter of Romero v Guzman, 158 AD3d at 1000). The father does not dispute that there was a court order in effect that expressed a lawful mandate — visitation with the mother — and that he had knowledge of such order. The father admitted during his testimony that the daughter had not visited with the mother since February 2017, however he asserts on appeal that he never prevented the daughter from visiting, an assertion Family Court found to be unpersuasive (see generally Matter of Rockhill v Kunzman, 141 AD3d 783, 784-785 [2016]; Matter of Joseph YY. v Terri YY., 75 AD3d 863, 867 [2010]; compare [*4]Matter of Prefario v Gladhill, 140 AD3d 1235, 1237 [2016]). In fact, it is clear from the record that the father vested the daughter with the authority to determine whether she wanted to visit with the mother and that the father made no efforts to "facilitate compliance with the court-ordered visitation" (Prefario v Gladhill, 140 AD3d at 1237 [internal quotation and citation omitted]; see Aurelia v Aurelia, 56 AD3d 963, 966 [2008]). Thus, the issue of whether there was a willful violation of the custody order distills to a credibility determination (see Matter of Cobane v Cobane, 57 AD3d 1320, 1323 [2008], lv denied 12 NY3d 706 [2009]). Based on the foregoing, and according due deference to Family Court's credibility determinations, Family Court did not abuse its discretion in finding that the father willfully violated the custody and visitation order (see Matter of Beesmer v Amato, 162 AD3d at 1261; Matter of Romero v Guzman, 158 AD3d at 1000). We find the father's remaining contentions to be lacking in merit.
Lynch, J.P., Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although Family Court failed to make the threshold determination regarding change in circumstances, it did conduct a best interests analysis.