Matter of LeVar P. v Sherry Q. (2020 NY Slip Op 01533)





Matter of LeVar P. v Sherry Q.


2020 NY Slip Op 01533


Decided on March 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 5, 2020

527161

[*1]In the Matter of LeVar P., Appellant,
v
Sherry Q., Respondent.

Calendar Date: January 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Christopher Hammond, Cooperstown, for appellant.
Sandra M. Colatosti, Albany, for respondent.
Palmer J. Pelella, Owego, attorney for the child.



Mulvey, J.
Appeal from an amended order of the Family Court of Broome County (Young, J.), entered June 29, 2018, which partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2007). A 2015 order provides for joint legal custody, primary physical custody to the mother and specified parenting time to the father. In July 2017, the father filed a modification petition seeking primary physical custody. Following a hearing, Family Court declined to grant the father primary physical custody but granted him additional parenting time during school breaks and summers. The father appeals.
We affirm. "[A] parent seeking to modify an existing custody and visitation order first must demonstrate that a change in circumstances has occurred since the entry thereof that is sufficient to warrant the court undertaking a best interests analysis in the first instance; assuming this threshold is met, the parent then must show that modification of the underlying order is necessary to ensure the child's continued best interests" (Matter of Lynn TT. v Joseph O., 143 AD3d 1089, 1091 [2016] [internal quotation marks, brackets and citations omitted]; see Matter of John VV. v Hope WW., 163 AD3d 1088, 1089 [2018]; Matter of Rosen v Rosen, 162 AD3d 1283, 1284 [2018]). "Inasmuch as Family Court is in a superior position to assess witness credibility, its factual findings are to be accorded great deference and its decision will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Charles AA. v Annie BB., 157 AD3d 1037, 1039 [2018] [citation omitted]; see Matter of John VV. v Hope WW., 163 AD3d at 1089).
Although Family Court did not expressly state that it found a change in circumstances, given our independent authority to review the record, the mother's arrest and pending criminal charges could constitute such a change (see Matter of Damiano v Guzzi, 157 AD3d 1013, 1014 [2018]; Matter of Belinda YY. v Lee ZZ., 74 AD3d 1394, 1395 [2010]; see also Matter of Charles AA. v Annie BB., 157 AD3d at 1038). Regarding the child's best interests, the parties admittedly do not communicate well, but the father acknowledged that they are both partly responsible for that situation. The mother does not always contact the father regarding the child's medical and educational issues, but the father can and does obtain such information from the child's physician and school. Although the mother has lived in three different residences and the child has attended school in three different districts in the past four years, the mother provided logical reasons for the moves, and the child had been in the same residence and school for a year and half at the time of the hearing, was doing well and had friends there. The record does not support the father's assertions that the mother leads an unstable lifestyle, failed to act when the child allegedly viewed pornography, was verbally abusive and under the influence of alcohol in the presence of the child, or has ignored treatment plans concerning the child's weight gain. Considering all of the evidence, and giving deference to Family Court's credibility and factual determinations, a sound and substantial basis exists in the record to support the conclusion that it was in the child's best interests to maintain the existing primary physical custody arrangement but to allow the father additional parenting time (see Matter of Barrows v Sherwood, 138 AD3d 1195, 1196-1197 [2016]).
Finally, we note that Family Court should not have disclosed on the record any information provided by the child during the Lincoln hearing (see Matter of Verry v Verry, 63 AD3d 1228, 1229 [2009], lv denied 13 NY3d 707 [2009]). "For the court to fulfill its primary responsibility of protecting the welfare and interests of a child in the context of a Family Ct Act article 6 proceeding, protecting the child's right to confidentiality remains a paramount obligation" (Matter of Julie E. v David E., 124 AD3d 934, 938 [2015] [citation omitted]). Nonetheless, the unfortunate disclosure did not adversely affect Family Court's determination or our conclusion on this appeal.
Garry, P.J., Egan Jr., Lynch and Reynolds Fitzgerald, JJ., concur.
ORDERED that the amended order is affirmed, without costs.