Matter of Kane FF. v Jillian EE. (2020 NY Slip Op 02691)





Matter of Kane FF. v Jillian EE.


2020 NY Slip Op 02691


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

528762

[*1]In the Matter of Kane FF., Respondent,
v
Jillian EE., Appellant.

Calendar Date: March 23, 2020

Before: Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Christopher Hammond, Cooperstown, for appellant.
Paul J. Connolly, Delmar, for respondent.
Andrea J. Mooney, Ithaca, attorney for the child.



Colangelo, J.
Appeal from an order of the Family Court of Chemung County (Rich Jr., J.), entered March 11, 2019, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) have been involved in ongoing custody and visitation proceedings regarding their child (born in 2011). In 2012, after the parties separated, they had joint legal custody of the child with primary residence with the mother and weekday parenting time with the father until 2014, when the father was afforded alternate weekends with the child to accommodate his work schedule. In 2017, following a fact-finding hearing, Family Court modified custody and visitation by awarding the mother sole legal and primary physical custody, with supervised parenting time with the father at a parent resource center as the parties could agree, based upon a finding that the father had committed acts of domestic violence against the child and the mother. That order, affirmed by this Court (Matter of Jillian EE. v Kane FF., 165 AD3d 1407 [2018], lv denied 32 NY3d 912 [2019]), required the father to engage in domestic violence classes which, upon completion, the court indicated would constitute a change in circumstances so as to permit a petition for additional parenting time. In June 2017, the location of the one-hour supervised visits was moved to a parent resource center in the City of Corning, Steuben County during a set two-hour period on alternate Saturdays.
In December 2017, the father petitioned to modify the June 2017 order to remove the requirement that his visitation be supervised, based primarily upon his completion of anger management counseling. During the pendency of that petition, Family Court temporarily modified the parenting schedule by adding full-day visitation on alternating Saturdays to be supervised by a woman with whom the father had another child (hereinafter the former girlfriend), which took place at the former girlfriend's home. Following a fact-finding hearing in June 2018 and a Lincoln[FN1] hearing, the matter was adjourned several times to accommodate counseling requests. The court issued a decision in November 2018 continuing the existing parenting time schedule, including the requirement that the father's visitation be supervised by the former girlfriend (or an agreed-upon supervisor), but discontinued the requirement that it occur on alternating Saturdays at the Corning resource center. The court declined to award unsupervised visitation citing, among other factors, the father's failure to complete, as court ordered, a domestic violence class, finding that the anger management counseling he completed was inadequate to address the problems that led to the supervision requirement.
In a December 2018 order, Family Court permitted the father to have supervised overnight visitation on alternating weekends and, in the opposite week, on Sundays. The court again ordered the father to attend domestic violence counseling and to provide a report to the court, and adjourned the matter to March 2019. At that appearance and in the ensuing March 11, 2019 order, Family Court, among other things, granted the father's modification petition and awarded him unsupervised parenting time based upon the July 2018 testimony and the non-testimonial representations at that appearance that the supervised visitation was going well.[FN2] The mother appeals.
We agree with the mother's contentions, with which the attorney for the child agrees, that Family Court erred in granting the father unsupervised parenting time.[FN3] In seeking to modify the court's 2017 orders requiring that parenting time be supervised, the father was required to "show a change in circumstances since entry thereof warranting an inquiry into the child's best interests" (Matter of Ellen TT. v Parvaz UU., 178 AD3d 1294, 1294 [2019] [internal quotation marks and citations omitted]). In 2017, following a fact-finding hearing, the court modified the preexisting joint legal custody and visitation order by requiring the father's visitation to be supervised, based upon its finding that the father had committed acts of domestic violence against the mother and the child. At that hearing, the mother and the former girlfriend testified to the father's domestic violence, and evidence was submitted documenting bruising found on the child's legs after visitations with the father, factors we noted in affirming the court's order requiring that his parenting time be supervised (Matter of Jillian EE. v Kane FF., 165 AD3d at 1499). At the July 2018 hearing on the father's petition seeking the removal of the supervision condition, the father, the former girlfriend and the parent resource center supervisor testified that the supervised visits were going well and that the father had consistently attended them and engaged with the child. The court recognized the father's "significant efforts" and "positive interaction" during consistent visitations. However, the court found that the father had failed to comply with the court-ordered requirement that he complete domestic violence counseling and that the six anger management counseling sessions were inadequate to satisfy this condition. To that end, the court expressly found that the testimony from the father's anger management counselor that unsupervised visits should resume "lacks credibility" and that his recommendation was "reckless." This conclusion was based upon, among other things, the counselor's failure to speak to the child or the mother or to view the photographs documenting the abuse, the counselor's decision to credit the father's persistent denials that the abuse had occurred notwithstanding the court's finding to the contrary, and the court's take-away that the father had not derived "any benefit" from that counseling. As a result, in December 2018, the court again ordered the father to complete domestic violence counseling and to provide a report to the court. At the December 2018 appearance, the court reiterated that the July 2018 testimony made "very clear" the need for domestic violence counseling. This counseling was never undertaken, and no reason appears on the record for this failure to abide the court orders or to dispense with this condition precedent to unsupervised visits.
At the March 2019 appearance, no evidence was submitted and no testimony taken. Based primarily upon nontestimonial representations by the attorney for the child — including that the supervised visits were going well, the child protective investigation had not disclosed any concerns and the child's counseling was going well — Family Court lifted the supervision requirement over the mother's objections. The court made no new findings of fact and no finding that the father had demonstrated a change in circumstances sufficient to warrant reconsideration of the child's best interests and, more to the point, did not explain its reasons for the removal of the supervision requirement or dispensing with the order that he complete domestic violence counseling (see Matter of Ellen TT. v Parvaz UU., 178 AD3d at 1294; Matter of Jeffrey VV. v Angela VV., 176 AD3d 1413, 1414 [2019]).
Upon our independent review (see Matter of Levar P. v Sherry Q., 181 AD3d 1008, ___, 2020 NY Slip Op 01533, *1 [2020]), we find that the father failed to demonstrate that there was the requisite change in circumstances to warrant a best interests analysis (see Matter of Heather U. v Janice V., 178 AD3d 1316, 1319 [2019]). Although the decision whether to order that parental visitation be supervised is a discretionary, often difficult one, Family Court had concluded in May 2017 (which we affirmed), and again in December 2018, both times after full hearings, that, based upon credited and documented domestic violence, unsupervised visitation should not occur until the father completed domestic violence counseling. This requirement for supervised visitation was premised, as it must be, upon the conclusion that unsupervised visitation "would be detrimental to the child['s] safety because [the father] is either unable or unwilling to discharge his . . . parental responsibility properly" (Matter of Donald EE. v Cheyenne EE., 177 AD3d 1112, 1115 [2019] [internal quotation marks and citations omitted]). The court's conclusions that the anger management classes did not satisfy the requirement for domestic violence counseling and that he did not benefit from the classes are supported in the record. However, the court's decision to dispense with this condition is contrary to its own findings and is not supported by a sound and substantial basis in this record and, thus, the determination to modify the visitation order by removing the requirement that visitation be supervised cannot be upheld (see Matter of Payne v Montano, 166 AD3d 1342, 1343 [2018]).
Accordingly, the matter must be remitted for Family Court to fashion a revised parenting schedule as soon as is practicable. Given the passage of time, nothing herein is intended to preclude Family Court from entertaining a further application demonstrating that the father has successfully completed a domestic violence program and, based thereon, or for any other reason, reconsidering whether unsupervised parenting time is appropriate.
Egan Jr., J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner's application for unsupervised visitation; matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: We reiterate that Family Court should not disclose to the parties "on the record any information provided by the child during the Lincoln hearing" (Matter of LeVar P. v Sherry Q., 181 AD3d 1008, ___, 2020 NY Slip Op 01533, *2 [2020]).

Footnote 2: Family Court's March 2019 order also addressed the mother's child support petition, although that matter is not before the Court.

Footnote 3: Although, as the father points out, the mother did not object to Family Court's ruling based upon the father's failure to complete domestic violence counseling, she made very clear at the March 2019 appearance, as she had previously, that she opposed unsupervised visitation (see CPLR 4401). We find that this issue is reviewable, notwithstanding the mother's failure to make this precise argument, in that it is an "issue[] of law which appeared upon the face of the record and could not have been avoided by [the father] if brought to [his] attention at the proper time" (Palmatier v Mr. Heater Corp., 163 AD3d 1192, 1196 [2018] [internal quotation marks and citations omitted]).