Matter of Jessica EE. v Joshua EE. (2020 NY Slip Op 06988)





Matter of Jessica EE. v Joshua EE.


2020 NY Slip Op 06988


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

529074

[*1]In the Matter of Jessica EE., Appellant,
v
Joshua EE., Respondent.

Calendar Date: October 20, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Mack & Associates, PLLC, Albany (Barrett D. Mack of counsel), for appellant.
Philip A. Wellner, Hillsdale, for respondent.
Michelle I. Rosien, Philmont, attorney for the children.



Garry, P.J.
Appeal from an order of the Family Court of Columbia County (Nichols, J.), entered April 5, 2019, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2010 and 2011). In 2015, the parties agreed to an order of custody that provided joint legal and physical custody of the children, and further provided, as pertinent here, "that[,] should a conflict arise between the parties regarding decision making and/or compliance enforcement, modification or violation of any of the terms of this [o]rder[,] the parties shall make a good faith effort to engage in mediation prior to returning to court or filing any petitions." This order was then modified by Family Court in 2016, and again, on consent of the parties, in October 2018, with the condition precedent remaining.[FN1]
In December 2018, the mother signed a modification petition, filed with Family Court in February 2019, seeking primary residential and sole legal custody of the children. The father moved to dismiss the petition, arguing that the mother failed to satisfy the condition precedent to mediate in good faith prior to filing the petition. In April 2019, Family Court granted the motion and dismissed the petition without a hearing, finding that the mother failed to make a good faith effort to mediate as required and that the petition failed to state a cause of action because it did not sufficiently allege a change in circumstances. The mother appeals.[FN2]
Where parties to an agreement are required to satisfy a condition precedent before filing a new petition, and the agreement is unambiguous, failure to satisfy that condition precedent will result in dismissal of the petition (see e.g. Matter of Yerdon v Yerdon, 174 AD3d 1216, 1217-1218 [2019]; Matter of Laeyt v Laeyt, 268 AD2d 815, 815-816 [2000]). Here, the agreement is unambiguous, and the mother argues that she made a good faith effort to engage in mediation with the father prior to filing the petition.
In opposition to the motion to dismiss, the mother provided three email exchanges with the father. The first occurred in October 2018 and originated with the father. He had been contacted by [*2]the mediation service, upon the mother's request, to discuss the children's schoolwork and extracurricular activities, as well as a location for exchange of the children. The father advised the mother that he was unaware of these issues, believed that they had been resolved, and questioned why she had not discussed them with him previously. The mother responded that she thought they "could try" mediation, and the father replied that he hoped they could directly discuss the "[everyday] things that involve [the children]." Although the mother's email demonstrated her intention to engage in mediation, this exchange with the father occurred immediately prior to the parties' execution of the 2018 order on consent. The father's alleged unwillingness to utilize mediation could have or should have been raised in the context of that order and, further, we do not find that this exchange revealed a refusal to comply with the condition precedent on his part.
In the second email exchange, which occurred in December 2018, the mother expressed her concern that the father did not attend a recent appointment for one of the children and stressed the importance of keeping these appointments. She stated that, when scheduling conflicts arise, they "need to work it out together," and that she was "willing to use [a mediation service] as a third party if [they] cannot agree on appointments for [the] children." The father responded, as pertinent here, that he had previously indicated that he could not attend the recent appointment and wanted to change it. The mother's mention of mediation in this instance appears to be a suggestion to resolve potential future conflicts surrounding certain issues rather than a good faith effort to mediate a current conflict.
The third email exchange occurred in February 2019. The mother sought the father's "thoughts" on the medical issues of one of the children and suggested utilizing a mediation service if the father did not want to speak with her directly. This exchange occurred after the mother filed the petition and therefore does not demonstrate compliance with the condition precedent before commencing the proceeding. Moreover, although the mother suggested the use of a mediation service, she also solicited the father's "thoughts," which he readily provided. We agree with Family Court that these mere suggestions to utilize a mediation service do not qualify as a good faith effort, particularly as the other party was responsive. Further, it appears that some of the mother's allegations that the father was uncooperative at prior mediation sessions preceded the October 2018 order on consent.[FN3] Accordingly, Family Court properly dismissed the mother's petition for failing to satisfy the condition precedent.
The mother also challenges Family Court's dismissal of the petition for failing to allege facts sufficient to establish a change in circumstances. "In determining the father's motion to dismiss, Family Court was required to accept the mother's evidence as true, afford her the benefit of every favorable [*3]inference and resolve all credibility questions in her favor. To survive a motion to dismiss, the mother was required to establish a change in circumstances warranting an inquiry into whether the best interests of the children would be served by modifying the existing custody arrangement" (Matter of Caswell v Caswell, 134 AD3d 1175, 1176 [2015] [internal quotation marks and citations omitted]; see Matter of William EE. v Christy FF., 151 AD3d 1196, 1197 [2017]).
The petition and attached schedule included multiple allegations, many of which were vague, undated or made upon the mother's information and belief. In the few instances where the mother provided specific dates and more details surrounding the allegations, most of the alleged conduct took place before the entry of the 2018 order on consent. The only allegation that clearly discussed conduct after the entry of that order described a single incident that, without more, was insufficient to warrant inquiry into the children's best interests. Thus, the allegations lacked any indication that a change in circumstances had occurred in the four months following entry of the 2018 order on consent.[FN4] As such, Family Court correctly dismissed the mother's petition (see Matter of Elizabeth NN. v Hannah MM., 148 AD3d 1235, 1236 [2017]; see also Matter of Thomas KK. v Anne JJ., 176 AD3d 1354, 1355-1356 [2019]; Matter of Carter v Van Zile, 162 AD3d 1127, 1129 [2018]).
Lastly, the mother avers that the message exchanges indicate that the parties "cannot agree on matters" concerning the children and "have a long history demonstrating their inability to communicate effectively." We recognize that a demonstration that the parents are unable to communicate or cooperate effectively or amicably for the sake of their children, thus rendering joint custody unworkable, has been held to be a change in circumstances that would trigger the best interests analysis (see e.g. Matter of Emmanuel SS. v Thera SS., 152 AD3d 900, 901 [2017], lv denied 30 NY3d 905 [2017]; Matter of Vanita UU. v Mahender VV., 130 AD3d 1161, 1163 [2015], lv denied 26 NY3d 998 [2015]). Here, however, the mother's assertions are undermined upon review in light of the dates of the parties' communications and the short period of time that had passed between the entry of the October 2018 order on consent and the commencement of this proceeding (compare Matter of Emmanuel SS. v Thera SS., 152 AD3d at 901). Moreover, the email exchanges appearing in the record before us do not demonstrate an inability to communicate effectively or an inability to agree on certain matters so as to establish a change in circumstances (compare Matter of Rutland v O'Brien, 143 AD3d 1060, 1062 [2016]; Matter of Kylene FF. v Thomas EE., 137 AD3d 1488, 1489-1490 [2016]).
Lynch, Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The 2016 order was vacated by the 2018 order on consent.

Footnote 2: The attorney for the children avers that the record on appeal should be stricken in part, as it improperly contains transcripts from Family Court appearances in 2016 and 2018. It bears noting that where "the prior order was based on a stipulation, Family Court was authorized to consider evidence dating back to the stipulation, which carries less weight than a court order based on a full hearing" (Matter of Rutland v O'Brien, 143 AD3d 1060, 1061 [2016]). Here, however, Family Court did not take judicial notice of or otherwise consider these transcripts in making its order. Accordingly, we agree that these transcripts are not properly part of the record on appeal, and they will not be considered.

Footnote 3: The mother alleged that the father "has failed and refused to continue" mediation through the mediation service and, in recent sessions, refused to agree or compromise "except to agree to the summer 2018 vacation schedule." It thus appears that these mediation sessions took place prior to entry of the October 2018 order on consent.

Footnote 4: The mother's argument that the father refused to meet at the usual exchange point did not establish a change in circumstances, as the operative order made transportation "a shared responsibility to be scheduled and arranged upon agreement of the parties." Additionally, the October 2018 email exchange indicated that the parties were meeting halfway at a new location, and the other emails did not concern exchange of the children.