Matter of Tasheanna CC. v Debron EE. (2021 NY Slip Op 01539)





Matter of Tasheanna CC. v Debron EE.


2021 NY Slip Op 01539


Decided on March 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

530656

[*1]In the Matter of Tasheanna CC., Respondent,
v
Debron EE., Appellant. (And Two Other Related Proceedings.)

Calendar Date: February 9, 2021

Before: Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Adam H. Van Buskirk, Auburn, for appellant.
Kathryn Friedman, Buffalo, for respondent.
Lisa K. Miller, McGraw, attorney for the children.



Egan Jr., J.
Appeal from an order of the Family Court of Chemung County (Tarantelli, J.), entered November 20, 2019, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of twin daughters (born in 2008). In December 2018, Family Court, upon consent of the parties, entered a custody and visitation order awarding the father, who resides in Florida, sole legal and physical custody of the children. The mother, who resides in New York, was awarded four to five hours of unsupervised visitation per day, as the parties agree, in either New York or Florida, as well as electronic communication with the children on at least three specified days per week. On February 11, 2019, the mother commenced a custody modification proceeding seeking sole legal and physical custody of the children, alleging that the children have been treated poorly by the father. On February 28, 2019, the mother filed a second petition, seeking enforcement of Family Court's December 2018 custody and visitation order, alleging that the father is interfering with her ability to speak with the children on the telephone. Following an initial appearance on the mother's petitions, on March 25, 2019, the father filed his own modification petition, seeking to have the mother's parenting time and telephone conversations with the children supervised, alleging that the mother has engaged in inappropriate conversations with the children in contravention of Family Court's prior order.
At the fact-finding hearing, the mother modified her request for relief, withdrawing her request for "full custody" of the children and, instead, requesting unsupervised parenting time with the children during the summer, school breaks and alternating holidays and birthdays. Following a fact-finding hearing on all three petitions, Family Court dismissed the mother's enforcement petition, continued the award of sole legal and physical custody to the father and granted the mother's modification petition by providing her with, among other things, unsupervised parenting time in both New York and Florida and ordered the father to transport the children to New York during the children's extended Christmas break and for three weeks during the children's summer vacation. The father appeals.
"A party seeking to modify a prior order of visitation must first demonstrate a change in circumstances since the entry of such order so as to trigger an analysis as to whether modification would serve the best interests of the child" (Matter of Nicole R. v Richard S., 184 AD3d 978, 979 [2020] [internal quotation marks and citations omitted]; see Matter of Kane FF. v Jillian EE., 183 AD3d 969, 972 [2020]). Although the inability of the parents to communicate or cooperate effectively for the sake of the children may, under certain circumstances, render [*2]a parenting schedule unworkable such that it provides the requisite change in circumstances to trigger the need for Family Court to conduct a best interests analysis (see Matter of Jessica EE. v Joshua EE., 188 AD3d 1479, 1481-1482 [2020]; Matter of Perry v Leblanc, 158 AD3d 1025, 1027 [2018]), no such inability to communicate was demonstrated on the record before us.
The parents consented to a parenting schedule as part of Family Court's December 2018 custody and visitation order that provided the mother with unsupervised visitation with the children at a minimum of four to five hours a day, in either Florida or New York, electronic communication with the children Tuesdays, Thursdays and Sundays at 7:00 p.m. and any additional communication that the parties might agree upon. Less than two months later, however, the mother filed a modification petition — which she later amended on the day of the fact-finding hearing — seeking parenting time during specific vacations and holidays. In her modification petition, the mother alleged that the prior order needed to be modified because the father had cut one of the children's hair short, was treating the children poorly and was "hover[ing] over [their] phone calls" with the mother, and the children were exhibiting behavioral issues at school. No evidence was introduced at the fact-finding hearing, however, to support the mother's claim that the father had mistreated the children or that they were evincing behavioral issues at school. Moreover, there was no evidence that the mother had attempted to exercise and been denied in-person parenting time with the children, in either Florida or New York, during the two-month period between entry of Family Court's December 2018 order and the mother's February 2019 modification petition or was otherwise deprived of a meaningful relationship with the children. Rather, both parents testified at the fact-finding hearing that they want the other parent to have a meaningful relationship with the children and are willing to try and co-parent together.
With respect to telephone communication with the children, the testimony at the fact-finding hearing revealed that any difficulty in the mother maintaining telephone contact with the children is more a product of the children's busy schedules and the mother's inconsistency in making said phone calls, rather than any interference by the father or depreciating ability for the mother and the father to communicate effectively. The father indicated that the mother has both the children's cell phone numbers and his own cell phone number and is free to communicate with the children whenever they are willing to speak with her. Tellingly, Family Court dismissed the mother's enforcement petition with respect to her telephone access to the children. Accordingly, given the foregoing, we agree with the attorney for the child that the mother failed to demonstrate the requisite change in circumstances to warrant Family Court undertaking [*3]a best interests analysis (see Matter of Jessica EE. v Joshua EE., 188 AD3d at 1482; Matter of Richard II. v Stephanie JJ., 163 AD3d 1073, 1076-1077 [2018]; Matter of Hill v Dean, 135 AD3d 990, 994-995 [2016]). Accordingly, the mother's February 11, 2019 modification petition should have been dismissed.
Garry, P.J., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner's modification petition; said petition dismissed; and, as so modified, affirmed.