Matter of Jaxon UU. (Tammy I.--Nicole H.) (2021 NY Slip Op 02565)





Matter of Jaxon UU. (Tammy I.--Nicole H.)


2021 NY Slip Op 02565


Decided on April 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 29, 2021

528471 529734 
[*1]In the Matter of Jaxon UU., Alleged to be an Abandoned Child. Tammy I., Appellant; Nicole H., Respondent, et al., Respondent. (Proceeding No. 1.) (And Another Related Proceeding.)
In the Matter of Nicole H., Appellant,
Tammy I., Respondent. (Proceeding No. 3.) (And Another Related Proceeding.)

Calendar Date:

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.

Matthew J. Buzzetti, Elmira, for Tammy I., appellant in proceeding No. 1 and respondent in proceeding No. 3.
Alena E. Van Tull, Binghamton, for Nicole H., appellant in proceeding No. 3 and respondent in proceeding No. 1.
Susan McNeil, Brooktondale, attorney for the child.



Pritzker, J.
Appeals (1) from an order of the Family Court of Chemung County (Baker, J.), entered January 15, 2019, which, among other things, partially dismissed petitioner's application, in proceeding No. 1 pursuant to Social Services Law § 384-b (3) (b), to adjudicate the subject child to be abandoned, and (2) from an order of said court (Rich Jr., J.), entered May 30, 2019, which, among other things, in proceeding No. 3 pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.
Nicole H. (hereinafter the mother) is the mother of a son (born in 2015). The child has been under the care of Tammy I., his stepaunt (hereinafter the aunt), since he was four months old. The aunt was granted sole legal and physical custody of the child in July 2017 by order of Family Court (Baker, J.) upon a finding of extraordinary circumstances. The order additionally granted the mother visitation with the child during his therapy sessions. Thereafter, the aunt filed an abandonment petition (proceeding No. 1) with Family Court against the child's parents, and the mother separately filed a petition (proceeding No. 2) seeking to, among other things, modify the 2017 order to allow visitation to occur at a situs of her choosing. In January 2019, following a fact-finding hearing, the court dismissed the abandonment petition as against the mother, finding that the aunt had failed to meet her burden of proof.[FN1] In addition, the court granted the mother's modification petition as it related to visitation to the extent that supervised visitation would occur at the Horseheads Family Resource Center (hereinafter the Resource Center) at a minimum of one time per week "and other such times as can be agreed upon by the parties and at such time as the . . . Resource Center is available to supervise."
Meanwhile, in December 2018, the mother petitioned for enforcement of the 2017 order (proceeding No. 3), claiming that she had not seen the child for nearly five weeks. In March 2019, the mother additionally petitioned to modify the January 2019 visitation order (proceeding No. 4), seeking certain unsupervised visitation with the child. Subsequently, the aunt moved to dismiss the modification petition on the ground that the mother had failed to establish a change in circumstances warranting modification. The mother answered and asserted a counterclaim. Family Court (Rich Jr., J.) ultimately agreed with the aunt and dismissed the mother's modification petition.[FN2] The aunt appeals from the January 2019 order and the mother appeals from the May 2019 order.
We turn first to the aunt's appeal from that portion of the January 2019 order that dismissed her abandonment petition. "A finding of abandonment is warranted when it is established by clear and convincing evidence that, during the six-month period immediately prior to the date of the filing of the petition, a parent evinces an intent to forego his or her parental rights as manifested by his or her failure [*2]to visit or communicate with the child or [the petitioner], although able to do so and not prevented or discouraged from doing so by that [petitioner]" (Matter of Isaiah OO. [Benjamin PP.], 149 AD3d 1188, 1189 [2017] [internal quotation marks and citations omitted], lv denied 29 NY3d 913 [2017]; see Social Services Law § 384-b [4] [b]; [5] [a]; Matter of Dakota W. [Kimberly X.], 189 AD3d 2004, 2006 [2020]). "Once [a] petitioner establishes that a parent failed to maintain sufficient contact with a child for the statutory period, the burden shifts to the parent to establish that he or she maintained sufficient contact, was unable to do so, or was discouraged or prevented from doing so by [the] petitioner" (Matter of Isaiah OO. [Benjamin PP.], 149 AD3d at 1190 [internal quotation marks, ellipsis and citations omitted]; see Matter of Colby II. [Sheba II.], 145 AD3d 1271, 1272 [2016]).
Here, the relevant six-month time period for this abandonment petition is May 15, 2017 through November 14, 2017 (see Social Services Law § 384-b [4] [b]) and, to that end, the aunt failed to establish a prima facie case of abandonment against the mother (see Matter of Elegant R.C., 60 AD3d 1386, 1386 [2009]; compare Matter of Damien D. [Ronald D.], 176 AD3d 1411, 1412 [2019]). Notably, the testimony set forth by the aunt primarily focused on events happening outside of the statutorily defined relevant time period — namely, events occurring between September 2017 and the date of fact finding in November 2018.[FN3] Even during this period, the aunt presented only one alleged instance where the mother missed visitation with the child. No evidence was offered regarding the mother's contacts with the child, or lack thereof, between May 15, 2017 through the end of October 2017. Further, testimony by the child's counselor established that, between September 2017 and May 2018, the mother attended six therapy sessions with the child and made certain telephone contact during that same time frame. Thus, the aunt failed to carry her burden of establishing abandonment by clear and convincing evidence (see Matter of Mason H. [Joseph H.], 31 NY3d 1109, 1110 [2018]; Matter of Elegant R.C., 60 AD3d at 1386). Accordingly, the January 2019 order in this regard should not be disturbed.
We turn now to the mother's appeal from the May 2019 order, which dismissed her modification petition. The mother contends that this was error because she sufficiently proved that there was a change in circumstances — namely, the aunt's refusal to allow the mother visitation or make-up visitation, a deterioration between the parties' relationship, the aunt's interference with the mother's relationship with the child and an improved relationship between the mother and the child. "A party seeking to modify a prior order of visitation must first demonstrate a change in circumstances since the entry of such order so as to trigger an analysis as to whether modification would serve the best interests of [*3]the child" (Matter of Janeen MM. v Jean-Philippe NN., 183 AD3d 1029, 1030 [2020] [citations omitted], lv dismissed 35 NY3d 1079 [2020]; see Matter of Coryn XX. v Brian XX., 189 AD3d 1745, 1746 [2020]). "A change in circumstances is demonstrated through new developments or changes that have occurred since the previous [visitation] order was entered" (Matter of Pierre N. v Tasheca O., 173 AD3d 1408, 1408 [2019] [internal quotation marks, brackets and citation omitted], lv denied 34 NY3d 902 [2019]; accord Matter of Thomas KK. v Anne JJ., 176 AD3d 1354, 1355 [2019]). "Where, as here, a motion is made to dismiss a modification petition, 'the court must accept the petitioner's evidence as true and afford the petitioner every favorable inference that could reasonably be drawn from that evidence, including resolving all credibility questions in the petitioner's favor'" (Matter of Thomas KK. v Anne JJ., 176 AD3d at 1355, quoting Matter of Judith DD. v Ahava DD., 172 AD3d 1488, 1489 [2019]).
Here, less than two months had elapsed since the entry of the prior order, and the petition "failed to factually aver any change in circumstances" (Matter of Pierre N. v Tasheca O., 173 AD3d at 1408 [internal quotation marks, brackets and citations omitted]). To that end, the mother alleged certain incidents had occurred since entry of the prior order, but these incidents "fall far short of demonstrating a pattern of persistent interference" with her parental rights pursuant to the 2019 visitation order (Matter of Markey v Bederian, 274 AD2d 816, 817 [2000]; compare Matter of Anthony JJ. v Joanna KK., 182 AD3d 743, 744 [2020]). Moreover, although the record shows that the parties have some trouble communicating, which could warrant a best interests analysis, "the mother's assertions are undermined upon review in light of . . . the short period of time that had passed between the entry of the [January 2019] order . . . and the commencement of this proceeding" (Matter of Jessica EE. v Joshua EE., 188 AD3d 1479, 1482 [2020]; see generally Matter of Pierre N. v Tasheca O., 173 AD3d at 1408-1409). Relatedly, except for two incidents, the mother failed to provide the date of alleged incidents underlying her claims, and the evidence submitted in support — namely, text messages — are undated; thus, it is unclear whether such events fall before or after the January 2019 visitation order. Further, while the mother has shown progress in improving her parenting skills and relationship with the child, the evidence supporting such claim precedes the current proceeding and was, therefore, properly considered in the January 2019 visitation order. Accordingly, Family Court (Rich Jr., J.) properly granted the aunt's motion to dismiss the mother's modification petition inasmuch as the mother failed to allege a change in circumstances sufficient to warrant a best interests analysis (see Matter of Jessica EE. v Joshua EE., 188 AD3d at 1482; compare Antonio MM. v Tara NN., 191 AD3d [*4]1196, 1198 [2021]).
Egan Jr., J.P., Lynch, Aarons and Colangelo, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: Family Court did, however, deem the child abandoned by the father, who was afforded adequate notice of the abandonment petition but did not enter an appearance.

Footnote 2: Regarding the enforcement petition, Family Court granted the mother certain makeup visitation with the child. That part of the order is not challenged on appeal.

Footnote 3: It is unclear why Family Court (Baker, J.) ruled, without objection, to restrict the testimony "to the times set forth in the . . . petitions [starting] September 2017," rather than May 15, 2017. In so doing, the court limited the testimony to a time frame that predominantly occurred after the relevant six months.