Matter of Makayla NN. (Charles NN.) (2022 NY Slip Op 02165)





Matter of Makayla NN. (Charles NN.)


2022 NY Slip Op 02165


Decided on March 31, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 31, 2022

531480
[*1]In Matter of Makayla NN., Alleged to be an Abandoned Child. Saratoga County Department of Social Services, Respondent; Charles NN., Appellant.

Calendar Date:February 17, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.

Alexandra J. Buckley, Clifton Park, for appellant.
Michael Hartnett, County Attorney, Ballston Spa (Vida McCarthy-Cerrito of counsel), for respondent.
Karen R. Crandall, Schenectady, attorney for the child.



Lynch, J.
Appeal from an order of the Family Court of Saratoga County (Jensen, J.), entered June 1, 2020, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be abandoned, and terminated respondent's parental rights.
Respondent is the father of the subject child (born in December 2001), who has been in petitioner's care since 2012. In June 2019, petitioner commenced this abandonment proceeding to terminate respondent's parental rights, alleging that he left the state in August 2018 and, since that time, "failed to exercise any parenting time and/or visitation with [the child]." Respondent, who moved to South Carolina in 2018, appeared by telephone at the July 2019 initial appearance, confirming that he had received a copy of the petition and intended to obtain counsel. The proceedings were adjourned until August 26, 2019 for that purpose. Respondent appeared by telephone on the August 26, 2019 adjournment date and his counsel was present in the courtroom. Family Court adjourned the matter until September 25, 2019 to enable counsel to serve discovery demands. At the September 25, 2019 appearance, respondent's counsel was present in court but respondent did not call in for the appearance. Counsel was uncertain of respondent's whereabouts. After cautioning respondent's counsel that it could hold respondent in default and that this would be the last time that it would "cater to [respondent] in his concept of what his obligations are here," Family Court called respondent by telephone. Respondent explained that he had forgotten to note the appearance in his calendar. Family Court reminded respondent of his "obligation to call the court" and explained that, because respondent had not filed an Electronic Testimony Application, it was no longer going to call him if he did not appear. Family Court further adjourned the matter and scheduled a fact-finding hearing to commence on December 11, 2019.
The record includes a letter from respondent's counsel dated December 10, 2019 confirming that the next day's appearance would remain on the calendar but that respondent was "excused as a result of his current medical condition." The parties indicate that an off-the-record conference was held on December 11, 2018. The hearing was adjourned to December 18, 2019. At that appearance, Family Court first inquired of respondent's counsel as to whether there was "any word from [respondent]." Counsel responded that she had spoken with respondent the day before and that he was in the hospital under "heavy sedation" and unable to engage in a substantive conversation with her about the case. Counsel further represented that despite her request, respondent maintained that he was unable to provide her with any documentation verifying his hospitalization. She even suggested that respondent simply provide a photograph of his hospital "admission bracelet." Respondent told counsel that, despite [*2]repeated requests for documentation from his doctors, none was provided due to an investigation of the accident in which he was ostensibly injured. Understandably, the court observed that the medical providers could "certainly . . . tell us whether [respondent is] in the hospital or not," and rejected counsel's offer to provide the name of the hospital as inadequate. Family Court proceeded with a permanency hearing, but adjourned the fact-finding hearing, allowing respondent one more week to provide the requested medical documentation.
On the January 15, 2020 continuation date, respondent appeared by telephone with counsel, who was present in the courtroom. Family Court asked for the medical documentation regarding respondent's purported hospitalization, and counsel detailed her continued efforts to have respondent produce the documentation to no avail. In response, Family Court found respondent to be in default and precluded respondent and his counsel from participating at the hearing or "being able to cross-examine any . . . witness." The hearing proceeded under those restrictions. At the close of proof, respondent's counsel registered his objection.
Thereafter, petitioner moved to reopen the hearing after realizing that, due to a miscalculation of the statutory abandonment period, it had failed to present evidence pertaining to the final month of the relevant time frame. At an appearance on June 1, 2020, with respondent in attendance telephonically, Family Court granted the request over respondent's objection and, upon the receipt of additional testimony that same day,[FN1] determined that respondent had abandoned the child and terminated his parental rights. Respondent appeals.
Petitioner and the attorney for the child argue that the appeal must be dismissed because the challenged order was entered upon respondent's default. We disagree. In its written decision, Family Court stated that it had advised respondent's counsel at the December 18, 2019 appearance that, if the requested medical documentation was not timely provided, it "would find [respondent] in default" and "the trial would be an [i]nquest." Our review of the record, however, confirms that no such warning was given. Instead, the court cautioned that if respondent failed to comply, it would "proceed with the proceeding with regard to the termination of his parental rights." This is not a default warning but notice that the hearing would go forward on January 15, 2020. However frustrating respondent's noncompliance with the court's reasonable directive to provide documentation of his hospitalization may have been, the key point here is that respondent and his counsel were in attendance at the fact-finding hearing. We fully appreciate that trial courts are vested with broad authority to maintain the integrity of their calendars. Under the circumstances presented, however, we conclude that Family Court abused its discretion in holding respondent to be in default and precluding [*3]any participation at the hearing (see Matter of Patrick UU. v Frances VV., 200 AD3d 1156, 1158 [2021]; see generally Matter of Dakota W. [Kimberly X.], 189 AD3d 2004, 2005 n 2 [2020], lv denied 36 NY3d 911 [2021]; Matter of Chloe N. [Joshua N.], 143 AD3d 1114, 1116 [2016]; Matter of Eileen R. [Carmine S.], 79 AD3d 1482, 1485-1486 [2010]).[FN2] That determination conflicted with Family Court's own warning issued at the December 18, 2019 appearance and respondent can find no solace in the court's observation that he "was permitted to listen" during the hearing. Compounding the problem, both respondent and his counsel were in attendance when the hearing was reopened in June 2020, and yet the preclusion remained intact. As a matter of due process, respondent is entitled to be heard with respect to the abandonment issue. Accordingly, the order must be reversed and the matter remitted for a new fact-finding hearing on the issue of abandonment.[FN3]
Garry, P.J., Pritzker, Colangelo and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Respondent was not allowed to participate during the June 1, 2020 continuation date.

Footnote 2: In light of the determination that the order was not entered upon respondent's default, respondent's failure to move to vacate the default finding does not preclude his appeal (see Matter of Patrick UU. v Frances VV., 200 AD3d at 1158; Matter of Dakota W. [Kimberly X.], 189 AD3d at 2005 n 2; Matter of Corey UU. [Donna UU.], 85 AD3d 1255, 1256 n 1 [2011], lv denied 17 NY3d 708 [2011]).

Footnote 3: Contrary to petitioner's contention, the fact that the child has turned 18 does not render moot respondent's challenge to the finding of abandonment given the "significant stigma that might indirectly affect [respondent's] status in future proceedings" (Matter of Latisha T'Keyah J. [Monie J.], 117 AD3d 1051, 1052 [2014]; see Matter of Mahogany Z. [Wayne O.], 72 AD3d 1171, 1172 [2010], lv denied 14 NY3d 714 [2010]). That said, in view of the child's age, any challenge to the termination of respondent's parental rights is moot (see Matter of Latisha T'Keyah J. [Monie J.], 117 AD3d at 1052) and parental consent is no longer required for an adoption to proceed (see Domestic Relations Law § 111 [4]). Stated differently, our determination to remit this matter for a fact-finding hearing on the issue of abandonment has no impact on the child's ability to be adopted.