Matter of Richard JJ. (Jennifer II.) (2023 NY Slip Op 03738)

Matter of Richard JJ. (Jennifer II.)

2023 NY Slip Op 03738

Decided on July 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 6, 2023

535204
[*1]In the Matter of Richard JJ. and Others, Alleged to be Abandoned Children. Albany County Department for Chilren, Youth and Families, Respondent; Jennifer II., Appellant.

Calendar Date:June 6, 2023

Before:Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Michelle I. Rosien, Philmont, for appellant.
Eugenia Koutelis Condon, County Attorney, Albany (James J. Green of counsel), for respondent.
Joseph R. Williams, Albany, attorney for the children.
Marcia Heller, Rock Hill, attorney for the child.

Ceresia, J.
Appeal from an amended order of the Family Court of Albany County (Sherri Brooks-Morton, J.), entered March 16, 2022, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject children to be abandoned, and terminated respondent's parental rights.
Respondent is the mother of the subject children (born in 2005, 2012 and 2014). In 2016, the children were placed in petitioner's care and an abuse proceeding was commenced against respondent. Respondent thereafter consented to the continued placement of the oldest child with petitioner, with the two younger children being returned to her care. In May 2020, all three children were adjudicated to be neglected and Family Court ordered the removal of the two still in respondent's care. In October 2021, petitioner commenced this proceeding to terminate respondent's parental rights, alleging that the children were abandoned. Following a fact-finding hearing, Family Court determined that respondent had abandoned the children, and terminated her parental rights. Respondent appeals.[FN1]
We affirm. "To warrant a termination of parental rights on the ground of abandonment, the petitioning agency bears the burden of establishing by clear and convincing evidence that, during the six months preceding the petition's filing, the parent evinced an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the children and communicate with the children or agency, although able to do so and not prevented or discouraged from doing so by the agency" (Matter of Joshua M. [Brittany N.], 167 AD3d 1268, 1269 [3d Dept 2018] [internal quotation marks, brackets and citation omitted]; see Social Services Law § 384-b [5] [a]). "A parent's ability to visit and/or communicate with his or her child[ren] is presumed, and once a failure to do so is established, the burden is upon the parent to prove an inability to maintain contact or that he or she was prevented or discouraged from doing so by the petitioning agency" (Matter of Kihona U. [Britian MM.], 200 AD3d 1425, 1425-1426 [3d Dept 2021] [internal quotation marks and citations omitted]).
At the fact-finding hearing, petitioner presented the testimony of four caseworkers, the oldest child and the two younger children's foster parent. According to petitioner's proof, during the relevant time period of April 2021 to October 2021, respondent did not contact petitioner, or other service providers, to inquire about her children or to request visitation. Notably, during this time, caseworkers made several attempts to contact respondent through calls, letters and emails, with no response. The oldest child testified that he had a single, brief and apparently chance encounter with respondent while he was working at a local department store. During this encounter, the two did not speak to each other but instead merely made eye contact. The younger children's foster parent testified [*2]that both she and the children had no contact with respondent during the subject time frame. Therefore, Family Court correctly concluded that petitioner presented clear and convincing evidence of respondent's failure to maintain contact with the children during the statutory period (see Matter of Kihona U. [Britian MM.], 200 AD3d at 1426-1427; Matter of Zakariya HH. [Ahmed II.], 192 AD3d 1361, 1363 [3d Dept 2021], lv denied 37 NY3d 905 [2021]).
The burden thus shifted to respondent to demonstrate that she maintained contact, was unable to do so or was prevented or discouraged from doing so by petitioner. Respondent pointed to text messages that she sent to the oldest child on his birthday, but the record indicates that this was limited to respondent sending a few brief messages and the child responding once, several days later. Respondent also testified that she had other text message communication with the oldest child and sent the children gifts, but these contacts largely occurred outside of the relevant statutory time period. While respondent further claimed that she provided the children with health insurance, no evidence was presented regarding the cost of the health insurance and she admitted that she otherwise offered no financial support to the children. In any event, "respondent's proof — if credited and at best — amounts to the sort of sporadic, infrequent and insubstantial contacts that this Court repeatedly has deemed to be insufficient to defeat a finding of abandonment" (Matter of Isaiah OO. [Benjamin PP.], 149 AD3d 1188, 1191 [3d Dept 2017] [internal quotation marks and citations omitted], lv denied 29 NY3d 913 [2017]; see Matter of David UU. [Jeanie UU.], 206 AD3d 1502, 1505-1506 [3d Dept 2022]; Matter of Nicole L. v David M., 195 AD3d 1058, 1061 [3d Dept 2021]).
Respondent additionally contended that various caseworkers threatened and harassed her, violated her parental rights and informed her that she was forbidden from contacting her children. This was allegedly communicated to respondent via phone calls and letters, but respondent did not provide any such letters, nor any specific details about the purported calls. In addition, her testimony was contradicted by that of the caseworkers, who denied threatening respondent or curtailing her ability to contact her children. As such, Family Court was presented with a credibility issue, which it was entitled to resolve against respondent (see Matter of Zakariya HH. [Ahmed II.], 192 AD3d at 1364). Further undermining respondent's position, she acknowledged receiving correspondence indicating that her compliance with a mental health evaluation would lead to increased visitation and possible reunification with the subject children. In view of all of the foregoing, we discern no basis upon which to disturb Family Court's determination to terminate respondent's parental rights to the subject children on the ground of abandonment.[FN2]
Egan Jr., J.P., Aarons, Fisher and McShan, JJ., concur[*3].
ORDERED that the amended order is affirmed, without costs.

Footnotes

Footnote 1: We note that the oldest child turned 18 during the pendency of this appeal. To the extent that respondent challenges the termination of her parental rights with respect to this child, such contention is moot due to the child's age (see Social Services Law § 384-b [2] [a]; Matter of Makayla NN. [Charles NN.], 203 AD3d 1489, 1492 n 3 [3d Dept 2022]). However, respondent's challenge to the finding of abandonment is not moot, given the "permanent and significant stigma that might indirectly affect [respondent's] status in future proceedings" (Matter of Latisha T'Keyah J. [Monie J.], 117 AD3d 1051, 1052 [2d Dept 2014]; see Matter of Makayla NN. [Charles NN.], 203 AD3d at 1492 n 3).

Footnote 2: Although not determinative, we note that the attorneys for the children support Family Court's decision terminating respondent's parental rights.