Matter of Darius L. (Daniel L.) (2023 NY Slip Op 06581)

Matter of Darius L. (Daniel L.)

2023 NY Slip Op 06581

Decided on December 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 21, 2023

CV-23-0321
[*1]In the Matter of Darius L., Alleged to be an Abandoned Child. Ulster County Department of Social Services, Respondent; Daniel L., Appellant.

Calendar Date:November 14, 2023

Before:Egan Jr., J.P., Pritzker, Fisher, McShan and Powers, JJ.

Constantina Hart, Kauneonga Lake, for appellant.
Ulster County Department of Social Services, Kingston (Jesse Mernin of counsel), for respondent.
Betty J. Potenza, Milton, attorney for the child.

McShan, J.
Appeal from an order of the Family Court of Ulster County (Keri E. Savona, J.), entered February 6, 2023, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be abandoned, and terminated respondent's parental rights.
Respondent (hereinafter the father) is the father of the subject child (born in 2021). The father was incarcerated on the day the child was born, at which time the child was temporarily removed from the custody of his mother, on consent, after the child tested positive for THC and cocaine. The child has remained in petitioner's custody since that time. In May 2022, petitioner commenced this proceeding to terminate the father's parental rights based upon abandonment and commenced a separate proceeding against the mother on the same basis. At the ensuing fact-finding hearing encompassing both petitions, the father failed to appear, and his attorney advised that he had not had any contact with the father. The fact-finding hearing proceeded in the father's absence and Family Court ultimately determined, in relevant part, that the father had abandoned the child, and terminated his parental rights.[FN1] The father appeals.
We affirm. "A finding of abandonment is warranted when it is established by clear and convincing evidence that, during the six-month period immediately prior to the date of the filing of the petition, a parent evinces an intent to forego his or her parental rights as manifested by his or her failure to visit or communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by that agency. In this regard, a parent's ability to maintain contact with his or her child is presumed — including a parent who is incarcerated" (Matter of Isaiah OO. [Benjamin PP.], 149 AD3d 1188, 1189 [3d Dept 2017] [internal quotation marks and citations omitted], lv denied 29 NY3d 913 [2017]; see Social Services Law § 384-b [5] [a]; Matter of Joshua M. [Brittany N.], 167 AD3d 1268, 1269 [3d Dept 2018]). Once it is established that a parent has failed to maintain sufficient contact with a child for the statutory period, "the burden is upon the parent to prove an inability to maintain contact or that he or she was prevented or discouraged from doing so by the petitioning agency" (Matter of Bradyen ZZ. [Robert A.], 216 AD3d 1229, 1230 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 905 [2023]; see Social Services Law § 384-b [5] [a]; Matter of Kihona U. [Britian MM.], 200 AD3d 1425, 1425-1426 [3d Dept 2021]).
Petitioner's caseworker first contacted the father while he was incarcerated and provided the father with his contact information and advised him about the child's placement in a foster care program. The caseworker further advised the father that reunification with the child was the plan at that time. According to the caseworker, the father made an initial attempt to contact him in February [*2]2022 following his release from incarceration, but subsequent attempts to return the father's call were unsuccessful. The caseworker next heard from the father the following month and a visit with the child was scheduled. However, the caseworker's multiple attempts to confirm the father's scheduled visit went unanswered and the father ultimately cancelled the day of the scheduled visit, citing a work conflict. After multiple attempts to get in touch with the father to reschedule the visit, the caseworker next heard from the father once in April 2022 and once again in May 2022. All told, the caseworker testified that, prior to the abandonment petition being filed, the father had no contact with the child, having never sent a holiday card or gift, reached out to the foster parents to ask about the child or attended a doctor's appointment.
Upon our review, we find that the father's contact with petitioner in the six months preceding the petition "amounts to the sort of sporadic, infrequent and insubstantial contacts that this Court repeatedly has deemed to be insufficient to defeat a finding of abandonment" (Matter of Isaiah OO. [Benjamin PP.], 149 AD3d at 1191 [internal quotation marks and citations omitted]; see Matter of Joseph D. [Joseph PP.], 193 AD3d 1290, 1292 [3d Dept 2021]). The father offered no proof to rebut petitioner's case (see Matter of Joshua M. [Brittany N.], 167 AD3d at 1271) and Family Court properly drew a negative inference on account of his failure to appear at the hearing (see Matter of Dakota W. [Kimberly X.], 189 AD3d 2004, 2007 [3d Dept 2020], lv denied 36 NY3d 911 [2021]; Matter of Kapreece SS. [Latasha SS.], 128 AD3d 1114, 1115-1116 [3d Dept 2015], lv denied 26 NY3d 903 [2015]). Accordingly, petitioner met its burden and Family Court properly determined that the father had abandoned the child (see Matter of Micah L. [Rachel L.], 192 AD3d 1344, 1346 [3d Dept 2021]; Matter of Jamal B. [Johnny B.], 95 AD3d 1614, 1615-1616 [3d Dept 2012], lv denied 19 NY3d 812 [2012]). Having failed to request a dispositional hearing, the father's contention that such a hearing was warranted is unpreserved and, in any event, without merit (see Matter of Mahogany Z. [Wayne O.], 72 AD3d 1171, 1173 [3d Dept 2010], lv denied 14 NY3d 714 [2010]). The father's remaining contentions, to the extent not addressed herein, have been considered and found without merit.
Egan Jr., J.P., Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The attorney for the child at the fact-finding hearing argued that the father had abandoned the child and the attorney for the child on this appeal maintains that position.