Matter of Jayce G. (Daniel H.) (2024 NY Slip Op 03568)

Matter of Jayce G. (Daniel H.)

2024 NY Slip Op 03568

Decided on July 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2024

CV-22-1882
[*1]In the Matter of Jayce G., Alleged to be an Abandoned Child. St. Lawrence County Department of Social Services, Respondent; Daniel H., Appellant.

Calendar Date:June 4, 2024

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, McShan and Powers, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Stephen D. Button, County Attorney, Canton (Keith S. Massey Jr. of counsel), for respondent.
Trinidad M. Martin, Glens Falls, attorney for the child.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of St. Lawrence County (Andrew S. Moses, J.), entered September 23, 2022, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be abandoned, and terminated respondent's parental rights.
Respondent (hereinafter the father) is the father of the subject child (born in 2020). When the child was approximately one week old, he was placed in petitioner's custody. In June 2021, petitioner commenced this proceeding to terminate the father's parental rights based upon abandonment. Following a fact-finding hearing, Family Court determined that the father had abandoned the child and terminated his parental rights. The father appeals.[FN1]
Termination of parental rights on the ground of abandonment is authorized by Social Services Law § 384-b (4) (b). "A finding of abandonment is warranted when it is established by clear and convincing evidence that, during the six-month period immediately prior to the date of the filing of the petition, a parent evinces an intent to [forgo] his or her parental rights as manifested by his or her failure to visit or communicate with the child or the petitioner, although able to do so and not prevented or discouraged from doing so by that petitioner" (Matter of Jaxon UU. [Tammy I.-Nicole H.], 193 AD3d 1269, 1271 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; accord Matter of Syri'annah PP. [Sayyid PP.], 212 AD3d 1005, 1007 [3d Dept 2023]). "If the petitioning agency satisfies its burden of proving that the [father] failed to maintain sufficient contact for the statutory period, the burden shifts to the parent to prove an inability to maintain contact or that he or she was prevented or discouraged from doing so by the petitioning agency" (Matter of Taj'ier W. [Joseph W.], 209 AD3d 1203, 1204 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Bradyen ZZ. [Robert A.], 216 AD3d 1229, 1230 [3d Dept 2023], lv denied 40 NY3d 905 [2023]).
The relevant six-month time period for this abandonment petition is December 10, 2020 through June 10, 2021 (see Social Services Law § 384-b [4] [b]). It is undisputed that during this six-month period, the father did not visit with the child, call him, send any letters, gifts or cards, or financially support the child. A case planner for Fostering Futures of St. Lawrence County testified that the father contacted her once in January 2021 to relay his concerns regarding the child's mother, and that during this phone call the father stated that he was facing homelessness. Importantly, prior to, during and subsequent to this telephone call, the father did not inquire as to the child's well-being or schedule any visitations. The father's sporadic and insubstantial contact was "insufficient to preclude a finding of abandonment and the burden, therefore, shifted to [the father] to demonstrate that he was unable to maintain contact with [*2]the child or, if able, was prevented or discouraged from doing so by petitioner" (Matter of Joseph D. [Joseph PP.], 193 AD3d 1290, 1292 [3d Dept 2021]) [internal quotation marks and citations omitted]; see Matter of Micah L. [Rachel L.], 192 AD3d 1344, 1345 [3d Dept 2021]).
The father asserts that he did not intend to forgo his parental rights; rather his lack of contact and communication with the child were consequences of his poverty and lack of sophistication. The father's unsubstantiated allegations are insufficient to rebut the presumption that he was able to communicate with petitioner or his child. The father testified that after he and the child's mother broke up, she kicked him out of their residence. As he had no family in the area, he left St. Lawrence County in January 2021 and moved back to his former hometown in Chautauqua County, drifting from place to place and working under the table. Within two months he began residing consistently at his mother's home, but he conceded that he never advised petitioner of his mother's address. This concession belies the father's contention that he was waiting for petitioner to schedule visitations. Furthermore, while the father avers that he did not know how to contact petitioner, he testified that after moving, he applied for services from the Chautauqua County Department of Social Services, but never asked that agency to provide petitioner's contact information, nor did he ask that entity to correspond with petitioner on his behalf. In view of the foregoing record evidence, there was clear and convincing evidence that the father failed to maintain sufficient contact with petitioner and we discern no basis upon which to disturb Family Court's determination to terminate the father's parental rights to the child on the ground of abandonment (see Matter of Darius L. [Daniel L.], 222 AD3d 1259, 1261 [3d Dept 2023]; Matter of Richard JJ. [Jennifer II.], 218 AD3d 875, 877 [3d Dept 2023], lv denied 40 NY3d 906 [2023]; Matter of Kyle K.,13 AD3d 1162, 1163 [4th Dept 2004]).[FN2]
Egan Jr., J.P., Clark, McShan and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The father's notice of appeal incorrectly sets forth that the order was entered in August 2022. As there is no confusion with respect to the order that is being appealed from, which was entered in September 2022, we exercise our discretion to deem the premature notice of appeal as valid (see CPLR 5520 [c]; Matter of Jamie UU. v Dametrius VV., 196 AD3d 759, 760 n 1 [3d Dept 2021]).

Footnote 2: Although not determinative, both the trial and appellate attorneys for the child advocate to terminate the father's parental rights.